(94 Misc. Rep. 609)

## FLIKER v. STATE BANK.

(Municipal Court of City of New York, Borough of Manhattan, Second District.   March 3, 1916.)

BANKS AND BANKING ☞188½—TRANSMISSION OF MONEY TO FOREIGN COUNTRIES—DEPRECIATION.

Where a bank received $217.50 for a remittance through the European postal service of 500 rubles to Russia, and, on account of the war and the occupation of Russian territory by German forces, delivery of the money could not be made, the remaining obligation of the bank was to return 500 rubles to the remitter, who was entitled to them or to their equivalent in United States money at the time of his demand, so that where, between the date of the attempted transmission and demand, they decreased in value $46, the transmitter was the party to stand the loss.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 726; Dec. Dig. ☞188½.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by I. S. Fliker against the State Bank. Judgment for defendant.

Israel Grunstein, of New York City, for plaintiff.

Max Silverstein, of New York City, for defendant.

DAVIES, J. On March 20, 1915, plaintiff called at the defendant bank and had a transaction wherein the bank delivered to him a paper reading as follows:

"New York, 3/20/15.

"Received from Mr. I. S. Fliker the sum of two hundred and seventeen 50/100 dollars, for a remittance through the European postal service of five hundred rubles to Russia.          [Signed]    The State Bank,

"$217.50                                                          Per ......."

Indorsed by rubber stamps as follows:

"Quaranteed. The State Bank," and "Subject to delay on account of foreign war."

Also, in print:

"The State Bank, 376 Grand Street, New York. Drafts and payments on all places in Europe. Collection of debts, legacies, etc., in Europe. Deposits received. Interest allowed on time deposits."

And annexed thereto in handwriting:

"Zirie Fliker, Frampol, Lublin Guberne, Oyezda, Tarnow, Zamisher."

And the plaintiff paid over to the defendant bank the $217.50, same being the market value upon that day of 500 Russian rubles, plus its commission of 55 cents. The bank thereupon, through its forwarding agents, attempted to deliver the 500 rubles to the person mentioned at the place designated, but because of war conditions then existing in that part of Russia, and the capture by the German military forces of the town designated, delivery could not be made, and the 500 rubles were returned to the bank to await the further order of the plaintiff, who thereupon demanded the return of his money.

Between the date of the transaction and the date of the return and demand, the market value of rubles decreased, and upon plaintiff's demand the defendant bank tendered 500 rubles, or the United States equivalent at that date of $171.50, which tender plaintiff refused to accept, claiming that he was entitled to the return of the original amount in United States money that he had paid. The difference, because of the intermediate decreased value of rubles, is $46, and to determine who is to be the loser is the reason for this action.

Plaintiff contends that defendant's obligation herein was the same as if the bank were a vender of merchandise which it agreed, as part of its contract, to deliver, and that, having failed to deliver, even without fault, the contract had not been performed, and it must pay back the original consideration to the vendee—citing Denny v. Simons, 27 La. Ann. 438; Washburn v. Rainier, 130 App. Div. 42, 114 N. Y. Supp. 424.

I cannot agree with this view. The general purpose of a bank is not to act as a merchant, but as an agent for a principal, and that such is the relationship here is evidenced by the agreement, which describes

its object to be a "remittance," which, in the words of Bouvier, is "money sent by one merchant to another, either in specie, bill of exchange, draft, or otherwise." Plaintiff, the principal, purchased of defendant, the banking agent, 500 rubles, and as part of the transaction defendant was to endeavor to make delivery of plaintiff's 500 rubles to the designated person. As the agent was unable to perform, his remaining obligation was to return the principal's property, the 500 rubles, to him. This has been tendered, and, to my mind, that ends the bank's obligation.

To hold with plaintiff would be to also determine that at the place of payment, regardless of the market value of rubles, the payment by the bank, or its Russian correspondent, would have to be upon the basis of the purchasing value of rubles for $217 in United States money at that time and place. Clearly this was not the contract, and if the bank could not be called upon to be affected by a gain or loss in the value of rubles, if delivered in Russia, how can it be upon their return to New York? And, if so, at what point did this condition commence? Plaintiff dealt in rubles, and he is entitled to his rubles or their equivalent at the time of his demand.

Such value having been tendered to plaintiff and paid into court, the issue herein is decided in favor of the defendant, and judgment must be entered therefor.