Annie Pfotenhauer, Appellant, *v.* The Equitable Trust Company, Respondent.

(Supreme Court, Appellate Term, First Department, April Term — filed May, 1921.)

**Banks and banking — failure to establish credit in foreign country — exchange — evidence — plaintiff entitled to return of money paid for foreign credit with interest.**

Where the defendant bank, upon payment to it by plaintiff's agent of the sum of $750 at the city of New York on May 10, 1916, for remittance to plaintiff at Dresden, Germany, where she then resided, undertook to establish a credit for plaintiff with a bank at Berlin, Germany, within a reasonable time, to the extent of the equivalent in German exchange of that sum when it was paid to defendant, to wit, 3,902.40 German marks, the plaintiff, notwithstanding defendant's failure to perform its undertaking by reason of war conditions, is entitled to a return of the money with interest.

On July 22, 1920, the defendant, in the course of a letter to plaintiff's agent, stated that it would be pleased to complete the transaction or to refund the value in dollars at the then rate of exchange, to wit, ninety-one dollars and seventy cents. *Held,* that a judgment for that amount granted in an action brought while plaintiff was a resident of New York city will be modified by increasing the recovery to the full amount claimed, with interest from the date of its receipt by defendant.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district.

Reuben D. Silliman, for appellant.

Murray, Prentice & Aldrich (Winthrop W. Aldrich, of counsel), for respondent.

GUY, J.   The case was tried upon an agreed statement of facts from which it appears:

Plaintiff, a native born citizen of the United States, resided in Dresden, Germany, from the year 1913 until December, 1919, and at the time suit was brought resided in New York city.   In 1916 plaintiff's financial agent held her securities at Honolulu, collected her income and made remittances to her at Dresden, Germany, through the agent's New York office.   Said agent on or about May 10, 1916, paid to the defendant bank at its New York office $750, and defendant thereupon wrote the following letter in duplicate:

" DEUTSCHE BANK,
    " Berlin, Germany:
" GENTLEMEN.— On receipt of this letter, please charge our account and pay to
              " Mrs. Annie Pfotenhauer
            " Reichenbachstr. 2, Dresden A
the sum of Marks Three thousand nine hundred two and 40/100 (3,902.40), by order of Messrs. H. Hackfeld & Co., New York.
                    " Very truly yours,
                        " W. BRUCK,
        "(Three copies)          *Ass't Secretary.*
" Delegation  Payment — No.  64211
    The Equitable Trust Company of
        New York."

Appellate Term, First Department, May, 1921.    [Vol. 115.

One of these duplicates was on May 10, 1916, duly mailed to the Deutsche Bank at Berlin, Germany, and the other to the plaintiff's agent at New York. Plaintiff's agent received the duplicate and mailed it to the plaintiff, but it was taken by the British censor on or about May 20, 1916, and withheld from delivery until on or about July 20, 1920, when it was returned to plaintiff's agent. The duplicate mailed to the Deutsche Bank was never received by the bank, and the non-delivery was not brought about by any act on the part of the defendant. At all times the Deutsche Bank was able and was required by its agreement with defendant to have made the payment called for by its letter if the letter had been received by it.

On or about July 22, 1920, the defendant received from the Deutsche Bank statements of the account of the defendant with said bank indicating that the transfer covered by the transaction between the parties had not been executed; and prior to said date the defendant received no notice of the non-delivery of the letter or of the non-execution of the payment directed thereby. Down to July 31, 1920, the plaintiff had no knowledge that the letters had been mailed to her and the Deutsche Bank or that her agent had made the $750 payment to defendant.

On July 22, 1920, defendant wrote to plaintiff's agent stating that the letter dated May 10, 1916, had not reached the Deutsche Bank and that the so-called delegation payment had not been executed, and asking whether defendant should instruct the Deutsche Bank to make the payment then; that, on the other hand, the dollars paid defendant would not be refunded, for the reason that the non-execution was beyond the defendant's control; and that defendant would be pleased to complete the transaction or to refund the value in dollars at the present rate of exchange. Replying to

this letter plaintiff stated she was then in New York and she demanded the $750 paid in May, 1916.

The sum of 3,902.40 German marks was on May 10, 1916, at the then current rate of exchange of the value of $750. On July 22, 1920, said number of marks was of the value of $91.70, for which amount the justice granted judgment in favor of plaintiff.

The facts show an undertaking on the part of the defendant to establish a credit for the plaintiff within a reasonable time to the extent of the equivalent in German exchange of $750. Defendant by reason of war conditions failed to perform, and it is but just that plaintiff should have a return of the consideration with interest.

In *Atlantic Communication Co.* v. *Zimmermann,* 182 App. Div. 862, it was held that where a contract for the purchase of a wireless transfer of credit for a certain number of marks which was to be made available for plaintiff's immediate use in Berlin, Germany, could not be performed by reason of war conditions, the plaintiff was entitled to the return of its money. I fail to see any distinction in principle between a wireless transfer of credit and a transfer of credit effected by a letter by whatever name such letter may be designated (*Legniti* v. *Mechanics & Metals Nat. Bank,* 230 N. Y. 415), and defendant's breach entitled plaintiff on obtaining knowledge of the facts to rescind the contract and recover back the consideration paid with interest.

There is a manifest distinction between this case and one of the purchase of foreign money to be remitted by the seller to the country whose currency is purchased. In the latter class of cases where the seller performs, if the money be not actually paid over to the payee, or there be delay in payment without fault on the part of the transmitter, there would seem

to be a good reason, in the light of the facts showing the contracts in such class of cases, for the purchaser bearing any loss arising from the fluctuation in the value of the foreign currency. *Strohmeyer Arpe Co.* v. *Guaranty Trust Co.,* 172 App. Div. 16; *Fliker* v. *State Bank,* 94 Misc. Rep. 609; *Katcher* v. *American Express Co.,* 109 Ātl. Repr. 741.

Judgment modified by increasing the recovery to the sum of $750, with interest from May 10, 1916, with appropriate costs in the court below, and as so modified affirmed, with $25 costs in this court to the appellant.

WHITAKER and WEEKS, JJ., concur.

Judgment modified, and as so modified affirmed, with twenty-five dollars costs to appellant.