THE NATIONAL BANK OF COMMERCE *v.* EVANOFF.

*Banks and banking—Transmission of foreign exchange—War conditions prevent delivery—Depreciation of foreign currency —Amount bank to return to sender.*

Where a bank received $200 for a remittance of 1,080 leva to Bulgaria through the postal service, and the delivery of the money could not be made because of a state of war existing in Europe, the remaining duty of the bank was to return to the plaintiff 1,080 leva or their equivalent in the currency of the United States at the time when the bank in the exercise of due diligence should have learned and reported its inability to deliver.

(Decided May 23, 1921.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Smith, Beckwith & Ohlinger* and *Mr. E. C. Froehlich,* for plaintiff in error.

*Messrs. Miller, Miller, Brady & Seeley* and *Mr. James P. Schrider,* for defendant in error.

RICHARDS, J. This action was brought by Stephen Evanoff to recover of the bank the amount of $200 which he claimed it had agreed to remit for him to his wife in Bulgaria. At the close of the evidence offered in his behalf, the defendant not desiring to offer any evidence, the trial judge directed a verdict in favor of the plaintiff for the amount of $200, and interest thereon.

The facts disclosed by the bill of exceptions are not in controversy and they show that on December 26, 1916, Evanoff went to the bank and asked Mr. Jules, a representative of the bank, if he could send $200 for him to his home. He states that Mr. Jules told him that he could and that it would take about three months. Some mention was made of the existing state of war in Europe, and the plaintiff testified that, notwithstanding the existence of war, Mr. Jules told him the money could go. He thereupon paid to the bank $200 and took from it a receipt in the following form:

"MEMORANDUM No. 6159.

*Date Dec. 26, 1916.*
"Received from Stancho Evanoff Two Hundred Dollars for 1080 Leva, foreign currency, to be remitted to Cana Stanchova Stepanova in Selo Tanturi Okolia Gorna Orichovsca, Bulgaria.

"NATIONAL BANK OF COMMERCE,
"Foreign Exchange Department,
"By D. JULES,
"$200.00.     *Jan. 3, 1917.*"

The monetary unit of value of Bulgaria is the lev, worth normally 19.3 cents, but, owing to the war

which was prevailing in Europe at the time of the transaction in this case, and the consequent financial disturbance and depreciation of the value of currency in the countries engaged in the war, it appears that in December, 1916, $200 would purchase 1080 leva. The value of the lev has depreciated until it is now apparently worth less than two cents in American money.

The defendant bank, through its foreign correspondent, a bank in New York City, made repeated efforts to transmit the 1080 leva to the wife of Evanoff, but did not succeed. Ultimately she was finally reached in Bulgaria, but declined to accept the amount, presumably because of the depreciated value of the lev.

Counsel for Evanoff contend that the obligation of the bank was an absolute one to deliver $200, and that having failed to comply with the terms of the contract, he is entitled to a return of the amount with interest, and this was the view adopted by the court of common pleas. Notwithstanding this contention of counsel, the petition filed avers that the bank agreed to transmit the sum of $200, or its equivalent in Bulgarian money, to Tsana Stancheff, wife of the plaintiff; and the receipt accepted by him fixes that equivalent at 1080 leva. We think there can be no doubt that Evanoff did not wish $200 in American money transmitted to his wife, but that he wished its equivalent in Bulgarian money forwarded to her. The bank became his agent for that purpose, and its obligation would be only that of exercising ordinary care in transmitting to Evanoff's wife the value in Bulgarian money of $200, and in determining what constituted ordinary care it would of course be necessary to take into consideration the state of war then and for a long time thereafter ex-

isting and the extent of the interruption of communication between the United States and Europe.

If the bank in the exercise of ordinary care under all the circumstances of the case was not able to transmit the money to plaintiff's wife in accordance with the agreement, then its only remaining duty would be to return to him the 1080 leva, or their equivalent in the currency of the United States at the time when the bank in the exercise of due diligence should have learned and reported its inability to deliver.

The principles of law controlling the rights of parties under circumstances similar to those involved in this case have been determined in several recent cases and in no case with which we are familiar has it been held that the bank, if it exercised due care and was unable to deliver, was liable for more than the value of the foreign currency purchased. (*Fliker* v. *State Bank,* 159 N. Y. Supp., 730; *Herzog* v. *Transatlantic Trust Co.,* 172 N. Y. Supp., 394, and *Katcher* v. *American Express Co.,* 94 N. J. Law, 165; 109 Atl. Rep., 741.) These were all cases where the company undertaking to transmit foreign exchange had been unable to do so on account of war conditions.

For the reasons given, the judgment will be reversed and the cause remanded for further proceedings.

*Judgment reversed, and cause remanded.*

KINKADE, J., concurs.

CHITTENDEN, J., not participating.