SAM SAFIAN, Respondent, *v.* IRVING NATIONAL BANK, Appellant.

(Supreme Court, Appellate Term, First Department, June Term — Filed July, 1921.)*

Contracts — limitation of liability — foreign exchange — return of money to be transmitted.

> Four months after plaintiff had purchased from defendant a cable transfer of 7,000 marks for $297.50 plus cable expenses,

---

* Received too late for publication in proper place.—[REPR.

Appellate Term, First Department, July, 1921.   [Vol. 116.

to a certain person at a certain place in Poland, he was informed by defendant that the order had been executed, but it subsequently developed that because of a mistake in the address made by the cable company the money was never delivered to the payee. *Held,* that in an action where the only relief asked was a return of the money paid by plaintiff, a judgment in his favor will be affirmed.

The limitation of liability in a clause of the contract that " in making cable transfers it is understood that no liability shall attach to us nor our correspondents for any loss or damage in consequence of any delay or mistake in transmitting the message or for any cause beyond our control," did not apply but referred to claims of " loss or damage " in consequence of delay or mistake.

A further clause of the contract that " If payment for any reason cannot be effected, the bank will not be liable for any sum in excess of the current market value in New York at the time the refund is made " did not preclude the recovery herein as the contingency referred to in said clause was not the one developed in the present case.

Finch, J., dissenting.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of plaintiff, after a trial by a judge without a jury.

Daniel E. Hanlon (Eugene W. Leake, of counsel), for appellant.

Krakower & Peters (Charles C. Peters, of counsel), for respondent.

BIJUR, J.   On September 19, 1919, plaintiff purchased from defendant a cable transfer of 7,000 marks for $297.50, plus $7.50 cable expenses, total $305, in favor of Moszek Zelik Safian at Makow, Poland.   On January 30, 1920, defendant informed plaintiff that the order had been executed.   It developed subsequently that the cable or telegraph company had made

a mistake in the address and the money was never delivered to the payee. In October, 1920, plaintiff brought this action for the return of the $305 paid by him, which has been awarded him by the judgment appealed from.

Defendant, appellant, claims either that the complaint should be dismissed or that plaintiff should be adjudged to be entitled only to the value of the 7,000 marks in American money on the date of the institution of this suit. It has been determined in this state that on the purchase of a cable transfer " The seller engages that he has the balance at the point on which the payment is ordered, and that on receipt of the cable directing the transfer his correspondent at such point will make payment to the beneficiary described in the cable." *Legniti* v. *Mechanics & Metals Nat. Bank,* 230 N. Y. 415, 420.

No question of reasonable time being involved in the instant case, that consideration need not be adverted to. It is clear that the defendant's " engagement " was not met by it. On ordinary principles governing the law of contract it seems clear that the plaintiff thereupon has the right to recover back the consideration paid by him.

The question which remains to be determined is whether clauses limiting the defendant's liability contained in the contract between the parties precludes the remedy sought by the plaintiff. Two provisions of the contract are cited: " In making cable transfers it is understood that no liability shall attach to us nor our correspondents for any loss or damage in consequence of any delay or mistake in transmitting the message or for any cause beyond our control." In my opinion this limitation has no application to the instant case but refers to claims of " loss or damage " in consequence of delay or mistake. Plaintiff makes no

such claim here, but sues as upon what is generally called rescission because of defendant's failure to carry out its contract. It is not sought to impose any liability upon defendant for loss or delay. The relief asked for is a return to plaintiff of the money paid by him, which defendant agreed to transfer to a person named, after failure to perform the engagement.

The second qualifying clause reads: "If payment for any reason cannot be affected, the bank will not be liable for any sum in excess of the current market value in New York at the time the refund is made." It is quite clear that the contingency here referred to is not the one developed in the instant case. The payment could very easily have been effected. There is no pretense that the payment was impossible or difficult. It was merely not made because of someone's mistake or neglect, whether of the defendant's or its agents we need not discuss in this connection.

Another aspect of the last qualifying clause is that as the express stipulation that the defendant will not be liable for any other than the current market value of the foreign money at the time the refund is made is made to apply to a case where the payment "cannot be effected," it indicates by implication that the same limitation is not to be applied in other cases, like the one here present, of failure to pay because of mistake or neglect on the part of defendant or the agencies employed by it.

For the foregoing reasons I think that the judgment should be affirmed, with twenty-five dollars costs.

DELEHANTY, J., concurs.

FINCH, J. (dissenting). I dissent. Plaintiff and defendant entered into a written agreement for the purchase by the plaintiff of a cable transfer of money

to be paid in Poland. It appears by fair inference, and without contradiction, that when the defendant bank received the money of the plaintiff it purchased sufficient Polish exchange to include said amount. If the bank had not purchased the Polish exchange, but simply had directed its Warsaw correspondent to pay the money and no conversion of the American money into Polish money had taken place, the bank would be liable as a debtor to the plaintiff in an amount equal to the amount which the plaintiff had paid. *Atlantic Communication Co.* v. *Zimmerman,* 182 App. Div. 862.

After the money of the plaintiff was received by the defendant bank and before the purchase of the Polish exchange, the only obligation then resting on the defendant bank was a contractual one. *Legniti* v. *Mech. & Metals National Bank,* 230 N. Y. 415; *Strohmeyer* v. *Guaranty Trust Co.,* 172 App. Div. 16; *Matter of Barned's Banking Co.,* 39 L. J. Ch. 635. After the application of the moneys by the purchase of the Polish exchange there is authority for holding that the foreign money had been applied for the *specific* purpose and constituted a *quasi* trust fund. *Farley* v. *Turner,* 26 L. J. Ch. 710; *Matter of Barned's Banking Co., supra.* In either event the parties were acting in accordance with the terms of their written contract and one of these terms was " In making cable transfers it is fully understood and agreed that no liability shall attach to us or our correspondent for any loss or damage in consequence of any delay or mistake in transmitting the message or for any cause beyond our control."

When the plaintiff demanded its money and the defendant did not seek to show that it could still make delivery, the defendant became liable to the plaintiff as of the time of the demand, but only for the current market value in New York. To hold otherwise would

seem to be contravening the very provisions of the contract which the parties themselves have made, for if the current value of the Polish money is less than when the said money was purchased by the bank, pursuant to carrying out the contract between the parties, the bank will suffer loss and damage in consequence of a mistake in transmitting the cable by the cable company. The records show that in the transmission the name of the payee was given as Moszek Zelik instead of Moszek Zelik Safian. It thus appears that there has happened exactly what the parties by their written agreement provided for and which must have been the basis upon which the rate was fixed by the bank. The agreement further provided: '' Exchange will be purchased promptly to cover this remittance, and payment therefor is only accepted upon the following condition: If payment for any reason cannot be effected, the Irving National Bank will not be liable for any sum in excess of the current market value in New York at the time the refund is made.''

It is true that the defendant bank did not show that the payment '' cannot be effected '' but this did not prevent the paragraph in the agreement first above quoted from being applicable. To hold that this last clause nullifies the clause of the agreement first above set forth is not in accord with the rule of construction that all parts of an instrument should be so construed as to give effect to each part thereof.

Judgment appealed from should be reversed and a new trial ordered in accordance with the above.

Judgment affirmed,