THE CHEMICAL NATIONAL BANK OF NEW YORK, Plaintiff, *v.* THE
EQUITABLE TRUST COMPANY OF NEW YORK, Defendant.

First Department, May 19, 1922.

**Banks and banking — action to recover money deposited under agreement
to cable transfer of credit to German bank on March 21, 1917 — cable
not sent because of war — letter of confirmation by defendant not
received — defendant informed on December 30, 1919, that con-
firmatory letter was not received — contract was executory — entire
failure to perform authorized rescission — plaintiff entitled to recover
full amount deposited.**

On March 21, 1917, the plaintiff's predecessor deposited over $8,000 with the
defendant upon the agreement by the defendant to cable a transfer of credit
to a German bank in Berlin to the credit of a third person. After this country
entered the war with Germany in April following, the defendant was informed
that the cable had not been sent, and on the 30th of December, 1919, received
information that a letter confirming the cable transfer was not received. In
an action to recover the amount deposited, *held*, that the purchase of a cable
transfer of credit constituted an executory contract, and that the entire failure
of the defendant to perform this executory contract authorized the rescission
thereof by the plaintiff and a recovery in an action for moneys had and received
to the extent of the deposit made. The plaintiff was not limited in the recovery
to the value of the marks in amount equivalent to what would have been the
exchange value at the time that the information was received that the letter
of confirmation was not received.

SUBMISSION of a controversy upon an agreed statement of facts,
pursuant to section 1279 of the Code of Civil Procedure.

*Shearman & Sterling* [*Chauncey B. Garver* of counsel], for the
plaintiff.

*Murray, Prentice & Aldrich* [*Winthrop W. Aldrich* of counsel],
for the defendant.

SMITH, J.:

The plaintiff's predecessor deposited with the defendant upwards
of $8,000 upon the agreement of the defendant to cable a transfer
of credit to the Deutsche Bank in Berlin to the credit of Gebruder
Rossie. This was on March 21, 1917. This country entered
the war on April sixth. Thereupon the defendant was informed
that the cable had not been sent. At the time of the attempted
sending of the transfer cable the defendant also mailed a confirma-
tory direction to the Deutsche Bank to make payment as directed
in the transfer cable. That was not received and the defendant
was not informed that it was not received until the 30th of Decem-
ber, 1919. The plaintiff then, as successor to the depositor bank,
has sued to recover the amount of moneys deposited, as upon a

rescission of a contract. The defendant has offered the value of the marks in amount equivalent to what would have been the exchange value at the time that information was received that the letter was not received, which value amounted to only about $800. This the plaintiff has refused to accept, and the controversy is, to what extent is the plaintiff entitled to recover.

That the purchase of a cable transfer under the facts submitted constitutes an executory contract would seem to be established by the case of *Equitable Trust Co.* v. *Keene* (232 N. Y. 290). Treating this as an executory contract under the facts stipulated, it was agreed that the amount to be transferred should be payable abroad upon the 22d or 23d day of March, 1917. By reason of war conditions the cable transfer was never transmitted, nor was the mail confirmation of that transfer received. The entire failure of the defendant to perform this executory contract authorized the rescission by the plaintiff of its contract and a recovery in an action for moneys had and received to the extent of the deposit made. In the case of *Scheibe* v. *Zaro* (199 App. Div. 807) this court denied the right of rescission of an executory contract to transmit moneys to a savings bank on the ground that the parties could not be put in *statu quo*. In the case at bar, however, there are no facts stipulated which show that the defendant would in any way be harmed or embarrassed by the rescission. The facts originally stipulated were to the effect that the defendant had on deposit with its foreign correspondent marks of equal exchange value with the moneys here deposited. This fact, so stipulated, has been amended by a subsequent stipulation submitted, to the effect that on March twenty-first, when the cable transfer was agreed upon, the defendant had a deposit in marks with the said Deutsche Bank in Berlin, but it has been impossible to determine the exact balance on that date to the credit or debit of the defendant in said mark account of the defendant on the books of said Deutsche Bank. Nor does it appear that, if the defendant had such marks on deposit with the Deutsche Bank, they could have been sold for other currency, which would have avoided loss to the defendant by reason of the depreciation of the German mark. The contract, as expressed in the receipt, provides: " This transfer is sold without responsibility to the Equitable Trust Company of New York or its correspondents for delays, errors or omissions of the telegraph companies, or for any other causes beyond its control." Even if the facts stipulated showed a deposit with the Deutsche Bank of marks sufficient in value to meet the transfer agreed to be created, this clause worded by the defendant itself would not be sufficient to exempt the defendant from liability for repayment of moneys had and received upon

rescission of the contract which has never been performed. Without proof, however, of a sufficient deposit with the Deutsche Bank of such an equivalent amount in marks, and without proof of damage to the defendant in retaining the deposit for the payment of this draft, no facts appear which would make it impossible to restore the *status quo* of the parties in case of rescission, nor would such facts prevent the defendant from rescinding this contract which has been in no part performed. This is an agreement to transmit credit, not to remit moneys, and comes within the distinction clearly pointed out in the case of *Katcher* v. *American Express Company* (94 N. J. L. 165; 109 Atl. Rep. 741). The plaintiff, immediately upon notification, demanded the return of the deposit, to which it was in my judgment clearly entitled within the holdings of the courts of this State. (*Atlantic Communication Co.* v. *Zimmermann,* 182 App. Div. 862; *Goepel* v. *Zimmermann,* decided without opinion, 199 id. 915; *Safian* v. *Irving National Bank,* 116 Misc. Rep. 647.)

It follows that judgment should be directed for the plaintiff for the amount demanded.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment ordered for plaintiff for the amount demanded. Settle order on notice.