HARRY BYKOWSKY, Respondent, *v.* THE PUBLIC NATIONAL BANK OF NEW YORK, Appellant.

First Department, May 2, 1924.

**Banks and banking — action to recover amount paid to bank in July, 1917, under agreement to open account in Russian bank — representative in Russia acknowledged receipt and held money until February, 1918, and was prevented from making deposit by action of Russian government — breach of contract did not occur until reasonable time after July, 1917 — this action, commenced in August, 1923, is not barred by Statute of Limitations.**

An action commenced in August, 1923, to recover money paid to the defendant on July 17, 1917, under an agreement by the defendant to open an account in behalf of the plaintiff in a Russian bank, is not barred by the Statute of Limitations, since it appears that the defendant promptly purchased Russian rubles and wired its representative instructions to open the account; that said representative acknowledged receipt of the instructions in October, 1917, withdrew the amount from the account of the defendant in the Russian bank and redeposited it in his own name and that the representative thereafter endeavored to comply with the instructions until February, 1918, when he was compelled to leave Russia by action of the Russian government, the funds which the representative deposited being left in the Russian bank.

The breach of the contract did not in any event occur until a reasonable time after July 17, 1917, and, therefore, this action, which was commenced in August, 1923, was not barred by the Statute of Limitations.

CLARKE, P. J., dissents.

APPEAL by the defendant, The Public National Bank of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of October, 1923, denying its motion for judgment dismissing the complaint.

*Moses & Singer* [*Sam L. Cohen* of counsel], for the appellant.

*Gerald Joseph Wiman* [*William S. O'Connor* of counsel], for the respondent.

Finch, J.:

This is an appeal by the defendant from an order denying the defendant's motion to dismiss the complaint upon the ground that the Statute of Limitations has run. The defendant's motion was made under section 277 of the Civil Practice Act and rule 107, subdivision 6, of the Rules of Civil Practice. No answering affidavits were served and the motion was heard upon the summons, complaint and moving affidavits.

The complaint sets forth that on the 17th day of July, 1917, the defendant represented to the plaintiff that it was in a position, and agreed, to open a savings account with the Imperial Savings Bank in the city of Moscow, Russia, in behalf of plaintiff, and that it would procure and deliver to the plaintiff a bank book of such account; that upon such representations and promises the plaintiff paid to the defendant the sum of $2,115, but that in violation of said agreement the defendant has failed to open said account and has failed to deliver the bank book, by reason whereof this plaintiff was damaged in the sum of $2,115; wherefore the plaintiff demands judgment for said sum with interest from the 17th day of July, 1917.

From the affidavits it appears that the defendant promptly purchased the rubles for the plaintiff and sent a report to its foreign representative on July 20, 1917; that thereafter and on or about July 20, 1917, the defendant duly forwarded to said representative in Petrograd instructions regarding the opening of savings bank accounts, including the bank account which the defendant agreed to open for the plaintiff in Moscow; that on October 22, 1917, said foreign representative cabled to the defendant his acknowledgment that he had received said report. The affidavit of said representative further shows that he withdrew the amount for the plaintiff from the account of the defendant with the National City Bank of Petrograd and immediately redeposited it in his own name in the said bank, whereby he became the trustee or agent of said funds for the purpose of executing said order; that from October 22, 1917, when he received the instructions to open this bank account for the plaintiff, conditions were so bad in Russia that it was difficult to handle any sort of banking business and the same practically came to a standstill until in December, 1917, a group of soldiers on behalf of the Soviet government physically took possession of the bank in which the fund was deposited; that said representative from October 22, 1917, until the latter part of February, 1918, hoped to be able to carry through the business of the defendant in accordance with his instructions, but finally was compelled to leave Petrograd on a few hours' notice in order

to effect his own personal safety, leaving said funds on deposit with the National City Bank of Petrograd.

If the plaintiff upon the trial proves a breach of the contract the plaintiff is entitled to damages. (*Sokoloff* v. *National City Bank*, 208 App. Div. 627.) Since the breach of the contract did not in any event occur until a reasonable time after the 17th of July, 1917, the Statute of Limitations (Code Civ. Proc. § 382; Civ. Prac. Act, § 48) had not run at the date of the commencement of this action on August 22, 1923.

The question of the amount of damages to which the plaintiff is entitled is not involved in this appeal, since the complaint is good notwithstanding the plaintiff asks too much damage, or even an erroneous measure of damage. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199.)

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

MARTIN, J., concurs; MERRELL, J., concurs in result; CLARKE, P. J., dissents.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs.