GREGORY WAKULAW, Appellant, v. THE STATE BANK, Respondent.

Supreme Court, Appellate Term, First Department, December 18, 1924.

**Banks and banking — action to recover amount paid bank under agreement made by it to open account in Russian bank and deliver bank book to plaintiff — Statute of Limitations — contract was made in November, 1916, and action was commenced in February, 1924 — time of performance was extended — breach occurred in December, 1923, when defendant stated that bank book could not be delivered — action not barred.**

In an action to recover the amount paid by the plaintiff to the defendant under an agreement by the defendant to transmit the money to a savings bank in Russia to the credit of the plaintiff and to deliver to the plaintiff, within two months, a bank book evidencing the deposit, which contract was made in November, 1916, the six-year Statute of Limitations will not defeat the plaintiff's recovery, the action having been commenced in February, 1924, since it appears that the plaintiff made several demands prior to December, 1923, that the defendant deliver the bank book and was told that it had not yet arrived and that the refusal to deliver the bank book did not take place until December, 1923. The breach of the contract did not occur until the defendant informed the plaintiff that the bank book could not be delivered which was less than six years before the commencement of the action.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, dismissing the complaint.

*Thomas H. Mahony*, for the appellant.

*Max Silverstein*, for the respondent.

WAGNER, J.:

The plaintiff paid to the defendant the sum of $952.75 which it agreed to transmit to a savings bank in Russia to the credit of the plaintiff and a bank book evidencing such deposit was to be delivered to the plaintiff by the defendant in about two months after the payment. It is conceded that the bank book was never delivered by the defendant to the plaintiff. The money was paid to the defendant by the plaintiff in November, 1916. Hence, under the original contract the money was to be transmitted and the bank book delivered to the plaintiff in January or February, 1917. This action for a restitution of the money was instituted in February,

1924.   The defendant contended in the court below that the breach of the contract, namely, the non-delivery of the passbook, occurred in January or February, 1917.   Six years having elapsed since the breach, plaintiff's claim, defendant asserted, is barred by the Statute of Limitations.

The evidence is undisputed that about two months subsequent to the payment of the money to defendant and on numerous other occasions up to December, 1923, the plaintiff made demands for the passbook in question and on each occasion he was informed by defendant's representative that "·it had not yet arrived."   These words indicated an expectancy on the part of defendant to carry out its obligation if time for performance be extended.   The plaintiff extended the defendant's time of performance on each occasion that he made a request for the delivery of the passbook. In December, 1923, his last visit, the plaintiff was informed that the passbook could not be delivered.   It was then that the breach occurred and plaintiff demanded restitution.   It was then that the Statute of Limitations began to run.   The defendant is estopped from now asserting that the breach occurred in January, 1917, when by its own assurances of future performance plaintiff was induced to waive performance within the time provided in the original contract and extended such time more than six years.

The action having been timely instituted and the defendant having concededly failed to perform the contract, the plaintiff is entitled to a return of his money.   Judgment of the court below is, therefore, reversed, with $30 costs, and judgment is granted to plaintiff for the sum of $952.75, with interest and costs.

All concur; present, BIJUR, WAGNER and LEVY, JJ.