HENRY A. AHRENS, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Defendant.

City Court of the City of New York, Trial Term, January 23, 1925.

**Banks and banking — action to recover amount paid defendant by plaintiff's assignor for German marks to be transferred to named person in Germany — contract was made in 1916 — assignor rescinded contract in 1920 and demanded repayment — verdict that rescission was made within reasonable time was supported by evidence — Statute of Limitations did not commence to run until rescission and demand.**

In an action to recover the amount paid by the plaintiff's assignor to the defendant under an agreement whereby the defendant promised to transfer to a named

person in Germany a stated number of German marks within a reasonable time after the execution of the agreement, which was made in 1916, the verdict of the jury that the rescission of the contract by the plaintiff's assignor in 1920 on the ground of failure of performance by the defendant, and the demand for a return of the money so made within a reasonable time, is supported by the evidence and the verdict will not be set aside.

The Statute of Limitations did not commence to run until the rescission of the contract and a demand for the repayment of the money, and since that took place within the period of the statute, the action was not barred.

MOTION by the defendant to set aside a verdict in favor of the plaintiff.

*Rounds, Hatch, Dillingham & Debevoise,* for the plaintiff.

*Stetson, Jennings, Russell & Davis* [*Theodore Kiendl* of counsel], for the defendant.

FINELITE, J.:

This is an action brought by the plaintiff against the defendant to recover the sum of $1,809.37, arising out of the following facts: That on or about the 31st day of July, 1916, Bohmer, Linzen & Co., a partnership then composed of Herman S. Bohmer and Otto Linzen, and engaged in business at Pasto, Colombia, acting by and through their New York agent duly appointed for such purpose, entered into an agreement in the city of New York with the defendant, whereby the defendant agreed that it would, for account of said Bohmer, Linzen & Co., within a reasonable length of time, by means of a letter of delegation or other message or instructions to be sent by the defendant, transfer and pay, or cause to be paid, the sum of 10,052.05 marks to one H. C. Bock at Hamburg, Germany; and in consideration of the defendant's said agreement the said Bohmer, Linzen & Co. agreed to pay to the defendant the sum of $1,809.37; that pursuant to the said agreement the said Bohmer, Linzen & Co. thereupon paid to the defendant the said sum of $1,809.37; that the defendant, in breach of said agreement, wholly failed and neglected to make the said sum of 10,052.05 marks available within a reasonable time thereafter, or at any other time, for the said H. C. Bock or for said Bohmer, Linzen & Co. at Hamburg, Germany, or elsewhere, or in any manner to transfer, pay or cause to be paid to them, or either of them, the said sum aforesaid; that upon the failure of the defendant to perform said agreement within a reasonable length of time after the making thereof the said Bohmer, Linzen & Co. duly elected in or about the month of October, 1920, to rescind the said agreement, and did at such time rescind the same, and at the same time gave due notice thereof to the defendant, which said notice demanded that the defendant repay to the said Bohmer, Linzen & Co. the

said sum of $1,809.37; that no part of said money has been paid after demand; that heretofore and on or about the 1st day of August, 1923, Bohmer, Linzen & Co. duly assigned their cause of action herein and their rights to the repayment of the aforesaid sum of $1,809.37, with interest, to the plaintiff, who is now the owner thereof. The defendant, on the other hand, admits the receipt of said money for the purposes hereinbefore stated, but sets up four separate and distinct defenses to the plaintiff's cause of action, which were not made available to the defendant on the trial of this action, for the reason that all the questions in reference to the receipt of the money and the failure to pay the same as directed in the letter of delegation, and whether or not the demand was made by the plaintiff within a reasonable time for the return of the money, and also whether the Statute of Limitations applied, were submitted to the jury for their determination, resulting in a finding that the plaintiff was entitled to recover the said sum of $1,809.37, with interest thereon from the date of the receipt of same. Two questions are left open, on which the court reserved decision after the rendition of the verdict: *First*, did the plaintiff rescind the contract within a reasonable time; and, *second*, does the Statute of Limitations run against the plaintiff's right of action, bearing in mind that this is an action for money had and received and that fraud does not enter into the transaction? In support of the first proposition, that the contract was rescinded within a reasonable time, the statute did not begin to run until the plaintiff's assignors exercised their right of rescission and demanded back their money. The jury by their verdict in favor of the plaintiff found that the plaintiff's assignors had rescinded the contract within a reasonable time upon the court's charge that the question of reasonable time under the circumstances was both a question of fact and of law, and their finding in favor of the plaintiff is decisive of this question.

This conclusion is supported by the opinion of Guy, J., in *Pfotenhauer* v. *Equitable Trust Co.* (115 Misc. 396), in which case the facts were almost identical with the case at bar. Plaintiff in that case in 1916 paid money to the Equitable Trust Company to procure a letter of delegation payable in Germany. The money was not paid up to 1920, and the plaintiff rescinded the contract. The Appellate Term of this department in that case stated as follows (at p. 399): "The facts show an undertaking on the part of the defendant to establish a credit for the plaintiff within a reasonable time to the extent of the equivalent in German exchange of $750. Defendant by reason of war conditions failed to perform, and it is but just that plaintiff should have a return of the consideration with interest. In *Atlantic Communication Co.* v. *Zimmerman* (182

App. Div. 862) it was held that where a contract for the purchase of a wireless transfer of credit for a certain number of marks which was to be made available for plaintiff's immediate use in Berlin, Germany, could not be performed by reason of war conditions, the plaintiff was entitled to the return of its money. I fail to see any distinction in principle between a wireless transfer of credit and a transfer of credit effected by a letter by whatever name such letter may be designated (*Legniti* v. *Mechanics & Metals Nat. Bank,* 230 N. Y. 415), and defendant's breach entitled plaintiff on obtaining knowledge of the facts to rescind the contract and recover back the consideration paid with interest. There is a manifest distinction between this case and one of the purchase of foreign money to be remitted by the seller to the country whose currency is purchased. In the latter class of cases where the seller performs, if the money be not actually paid over to the payee, or there be delay in payment without fault on the part of the transmitter, there would seem to be a good reason, in the light of the facts showing the contracts in such class of cases, for the purchaser bearing any loss arising from the fluctuation in the value of the foreign currency. (*Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.,* 172 App. Div. 16; *Fliker* v. *State Bank,* 94 Misc. Rep. 609; *Katcher* v. *American Express Co.,* 94 N. J. Law, 165; 109 Atl. Repr. 741.)" This decision was affirmed by the Appellate Division (201 App. Div. 846). And it has been held to the same effect in *Safian* v. *Irving National Bank* (202 App. Div. 459) in connection with cable transfers. In that case (at p. 460) the court said: " When the defendant failed to perform the plaintiff was entitled to his money back — not the value of the marks at that time estimated in the exchange value of the marks, but the American dollars which he had paid which the defendant had had the use of, and which it had profitably employed. The defendant could not profit by its own wrong, and tender back that which it had received measured by the depreciated value of that which it had agreed to pay in the foreign country." (Affirmed by the Court of Appeals in 236 N. Y. 513.) I have examined the cases of *Richard* v. *Credit Suisse* (124 Misc. 3) and *Gravenhorst* v. *Zimmerman* (236 N. Y. 22) and fail to see wherein they have any bearing upon this question. As to the question of the Statute of Limitations being a bar to the action, plaintiff contends, and obviously is correct, that the defendant had a reasonable time to perform its contract, and by the same reasoning the plaintiff had a reasonable length of time within which to rescind the contract. So long as the contract remained in effect the plaintiff had no cause of action. When the plaintiff on October 8, 1920, rescinded the contract its cause of action arose, and the suit having

been brought on October 23, 1923, the Statute of Limitations is not a bar. In *Bykowsky* v. *Public National Bank* (209 App. Div. 61) suit in that case was brought in August, 1923, to recover money paid to the defendant more than six years previous, to wit, on July 17, 1917, under an agreement to transfer funds to Russia. The Statute of Limitations was pleaded (the same as in this case). The court said (at p. 63): " Since the breach of the contract did not in any event occur until a reasonable time after the 17th of July, 1917, the Statute of Limitations (Code Civ. Proc. § 382; Civ. Prac. Act, § 48) had not run at the date of the commencement of this action on August 22, 1923." It is obvious from a reading of the cases previously quoted that the war period which intervened between July, 1916, and October, 1920, created such conditions that it must be held as a matter of law that the plaintiff rescinded within a reasonable time. For example, in the *Pfotenhauer Case* (115 Misc. 396) the money was paid in 1916 and the contract was not rescinded until 1920. (See, to the same effect, *Wakulaw* v. *State Bank*, 124 Misc. 172.) In *Landesberg* v. *Bankers Trust Company* (121 Misc. 117) the money was paid to the defendant bank in April, 1916, and the contract was not repudiated until October, 1919. Held that plaintiff was entitled to rescind the contract and recover his money back. In *Chemical National Bank* v. *Equitable Trust Company* (201 App. Div. 485) the money was paid to the bank in March, 1917; and the contract was not rescinded until some time in 1920 or 1921, after the receipt on December 30, 1919, of notice that the transfer had not been effected. The plaintiff was held entitled to recover back the money paid. Until the lapse of a reasonable time the contract was in force. The statute did not begin to run until the plaintiff exercised its right of rescission and demanded back the money. In *King* v. *Mackellar* (109 N. Y. 215) the case involved the question as to whether the Statute of Limitations would apply to the plaintiff's claim to recover money from her agent who had dealt with it in violation of her instructions. If the court had considered the entire period elapsing since the wrongful acts of the agent the statute would have run, but the court states as follows (p. 223): " Demand was necessary for the assertion of plaintiff's right to have her moneys returned to her, and to impose upon defendant, in the event of his non-compliance, a liability to respond in an action." At page 224: " No liability to return the plaintiff's money existed by mere force of the original undertaking, but first sprang into existence when the plaintiff, with knowledge of the facts, elected to revoke her authority to the defendant and to disaffirm his acts, and upon her demand for the return of her money." This case is

entirely consistent with the rule of the *Bykowsky Case* (209 App. Div. 61), where the court held that the Statute of Limitations would not run until the lapse of a reasonable length of time after the payment of the money to the bank. I have examined the authorities cited by the defendant, and after reading same carefully I fail to see in what respect they are in contradiction to the authorities cited herein. The jury having passed upon the other questions involved in the case, and their finding being in favor of the plaintiff, the motion to set aside the verdict must, therefore, be denied, with an exception to the defendant and a stay of ten days. Settle order on one day's notice.