BANCOHIO NATIONAL BANK,
APPELLEE, *v.* MATAR, APPELLANT.

(No. 12267 — Decided
February 26, 1986.)

*Frederick Corns,* for appellee.
*Alan Segedy,* for appellant.

MAHONEY, P.J. Appellant Mamoun Matar appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of BancOhio National Bank ("BancOhio"). We vacate and remand.

On August 4, 1983, Mamoun Matar gave BancOhio $27,000 of his money[1] and asked that it be transmitted to the Arab Bank of Madaba Jordan ("Arab Bank") to be placed in the account of Sabah Matar. BancOhio accepted the funds and agreed to make the transfer. BancOhio filed a declaratory judgment action in the Summit County Court of Common Pleas asking that the court de-termine who was entitled to the $27,000. BancOhio's complaint alleged that it had obtained a $68,063 judgment against Ahmed and Sabah Matar and that pursuant to an execution proceeding in that case, the Summit County Sheriff had seized the $27,000 in question and paid it over to BancOhio. Mamoun filed an answer admitting that he had delivered the $27,000 to BancOhio for transfer to the Arab Bank and that the money had been seized, but stated that he had no knowledge of BancOhio's judgment or the method of or purpose for the seizure of his $27,000. Mamoun agreed that a declaratory judgment was needed and counterclaimed for conversion of his $27,000. On appeal, Mamoun claims that Sabah's Arab Bank account was only a conduit through which he was attempting to send money to his father, Khalaid Matar, who did not have a bank account.

BancOhio filed a motion for summary judgment, claiming that when Mamoun gave it the money to be transferred to Sabah's Arab Bank account, a general deposit was created for Sabah. BancOhio further claimed that, as such, it had the right to set off the $27,000 against its unpaid judgment against Sabah and Ahmed. Mamoun filed a memorandum in opposition, claiming that no relationship had been established between Sabah and BancOhio through the transfer request, and that, as such, there was no right to set off. Mamoun also questioned the validity and sufficiency of the material BancOhio presented in support of its motion. The trial court granted summary judgment in favor of BancOhio, finding that a depositor/depositee relationship had been created between Sabah and BancOhio and that BancOhio had the right to set off the money against its unpaid judgment against Sabah and Ahmed.

---

[1] There is some dispute as to whether the $27,000 was presented by and belonged to Mamoun or his uncle, Ahmed Matar. BancOhio has stipulated for the purpose of its motion for summary judgment and this appeal only that the funds belonged to and were presented by Mamoun.

## Assignments of Error

"1. The court erred in granting a summary judgment in favor of appellee in that there was no evidence before the court upon which to base a summary judgment.

"2. Even assuming that there was evidence before the court upon which to consider summary judgment, the court erred in granting summary judgment in favor of appellee in that the evidence did not support the finding of a depositor-depositee relationship between appellee and its judgment creditor [sic] upon which appellee could lawfully retain or execute upon appellant's funds."

A bank has a right to set off only when a debtor-creditor relationship exists between itself and a depositor. 9 Ohio Jurisprudence 3d (1979) 127-128, Banks and Financial Institutions, Section 178. Such a relationship exists between BancOhio and Sabah only if by presenting the $27,000 for transfer to the Arab Bank Mamoun created a general deposit to Sabah's credit. See *Union Properties, Inc.* v. *Baldwin Brothers Co.* (1943), 141 Ohio St. 303, 25 O.O. 428, 47 N.E. 2d 983. When money is given to a bank to be transmitted to a foreign country, the bank becomes the agent of the customer and continues in this relationship until the money is sent. *National Bank of Commerce* v. *Evanoff* (1921), 15 Ohio App. 51; 9 Ohio Jurisprudence 3d (1979) 62-63, Banks and Financial Institutions, Section 114; 10 American Jurisprudence 2d (1963) 279, Banks and Financial Institutions, Section 311; Annotation (1926), 45 A.L.R. 1052; Annotation (1922), 16 A.L.R. 190. As such, the transaction between Mamoun and BancOhio was a deposit for a special purpose *per se* by Mamoun over which BancOhio had no right of set off. See 10 American Jurisprudence 2d (1963) 279, Banks and Financial Institutions, Section 311, fn. 12. Likewise, under these stipulated facts, there would not be a right of attachment.

The trial court erred in finding that BancOhio had the right to set off Mamoun's deposit against the judgment it had against Sabah and Ahmed. If BancOhio is to prevail in this case, it must be on some other basis.

## Summary

We do not reach appellant's first assignment of error. Appellant's second assignment of error is sustained. The judgment is vacated and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment vacated
and cause remanded.*

QUILLIN and BAIRD, JJ., concur.