(36 Misc. Rep. 639.)

## NEWMAN v. MUNK.

(City Court of New York, General Term.　December, 1901.)

1. CONVERSION—DAMAGES.
　　The amount of damages for the conversion of a savings-bank book is the actual damages sustained, and not the amount of the deposit shown by the book.
2. SAME—TITLE ACQUIRED.
　　A party who converts a savings-bank book obtains no title to the deposit, and the true owner may sue to recover the money deposited.

Appeal from trial term.

Action by Emilie Newman, administratrix of Henry Newman, against George Munk. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before DELEHANTY, HASCALL, and McCARTHY, JJ.

Paul Gross (Charles Stein, of counsel, on the brief), for appellant.

Lewkowitz & Schaap (Herman M. Schaap, of counsel), for respondent.

DELEHANTY, J. The action was brought to recover the sum of $274.75, the amount shown due to plaintiff's intestate by a pass-book of the Boston Five Cents Saving Bank, which book it was alleged defendant had converted to his own use. The plaintiff prosecuted her action upon a theory that the damages necessarily following from the conversion in question was the amount shown on deposit in said book, and that the value of said book was the amount of said deposit. This contention was strenuously resisted by defendant; but the court, under exception, charged to that effect, and a verdict for that amount, with interest, was subsequently rendered. This is now assigned as a principal reason why the judgment entered thereon should be reversed, and in determining that proposition we are confronted with this question: "Is the general rule of law applicable to this case, that the measure of damages in an action for the conversion of a negotiable instrument is the face value thereof?" There is a scarcity of decision upon this point, but, from analogy, we conclude that it is not. The book in question is not negotiable, but a mere receipt for the money deposited, and a conversion thereof could not possibly convey any title thereto, or deprive the plaintiff of suing the bank therefor, the same as if the book were lost or destroyed. We think the case of Daggett v. Davis, 53 Mich. 35, 18 N. W. 548, 51 Am. Rep. 91, is particularly applicable upon this subject. That was an action wherein the plaintiff had been the secretary of a certain corporation. On a certain day he ceased to be such secretary, and surrendered his office to the defendant. Prior thereto he had deposited in the safe of the corporation a certificate of stock of said corporation, of the nominal value of $2,500, belonging to him and in his own name. The defendant found this certificate and kept it, refusing to deliver same to plaintiff on demand. There was no evidence that the plaintiff had been injured

thereby, or that he had lost his rights as a shareholder. The jury brought in a verdict for the par value, after a trial, during the course of which the court charged the jury that the measure of damages was the value of the stock. On appeal this was held to be error, plaintiff being entitled only to actual damages proven by him. The court (per Cooley, C. J.) said:

"In this case there was neither was nor could be any conversion of the stock, for, though the defendant had the certificate in his possession, he could not make use of it. It stood in the name of the plaintiff, and could not be transferred without plaintiff's indorsement, which it did not have; and the defendant could make neither the certificate nor the shares the property either of himself or of any third person, by anything he could do with the certificate. * * * But conversion does not necessarily imply a complete and absolute deprivation of property. There may be a deprivation which is only partial or temporary, and where the property of the plaintiff remains or is restored to him. * * * The difference between such a case and one in which the property is wholly made away with is one affecting the damages only. The damages go to the whole value of the property in the one case, and are commonly less in the other. * * * But the court erred in holding that, if a conversion was made out, the plaintiff was entitled to recover the market value of the shares. As the plaintiff has all the while remained, and still is, the owner of the shares, and the defendant will not by the recovery become owner, the error seems very plain. * * * In Mowry v. Wood, 12 Wis. 413, the owner of a certificate issued by the state, and which entitled the holder to receive from the state a deed of certain lands when specified payments were made, was held entitled to recover, in an action for its conversion, not the value of his interest in the land under the certificate, but such sum as would recompense him for any actual loss he had sustained, and for the trouble and expense in establishing and perpetuating evidence of his title. In other words, he was entitled to recover only his actual damages. We think the case should be remanded for a new trial. The other justices concur."

Respondent has referred us to a number of authorities holding to the effect that in an action for the conversion of any paper, which is an evidence of debt, the measure of damages is prima facie the sum shown by it to be due; but an examination thereof reveals that liability in each case was predicated upon the theory that the paper, which was negotiable, was soon to come into the hands of the holder for value and in good faith,—a condition of affairs entirely different from the one under consideration. If this judgment is allowed to stand, the anomalous condition is presented that plaintiff is permitted thereby to secure a double recovery for the same sum; she still having her right of action as the legal representative of the depositor against the bank in question. This is not right or permissible. As the jury, by its verdict, found that defendant unlawfully withheld the book in question, presumably plaintiff has suffered some damage therefrom, but the measure allowed could only be the actual proven damages. It follows, therefore, there must be a reversal of the judgment. Having reached this conclusion, it is unnecessary to discuss the other exceptions presented. The judgment and order appealed from are therefore reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.