GUIDO CONSENTINO, Respondent, *v.* ILLINOIS SURETY COMPANY, Appellant.

**Banking** — deposit of money for transfer to postal treasury of foreign country — depositor cannot recover against surety of absconding banker in absence of evidence that money was not so transferred.

A private banker engaged in the business of selling transportation tickets to foreign countries and of receiving deposits of money for the purpose of transmitting the same, or the equivalent thereof, to foreign countries, gave (L. 1907, ch. 185) a bond to account for and pay over all moneys, or the equivalent thereof, received by him as aforesaid. Thereafter, he received from the plaintiff a sum of money to deposit in the postal treasury of the Kingdom of Italy, and at the time that he gave the receipt therefor to plaintiff he said, in substance, that in a period of four weeks plaintiff would receive from Rome the bank book for such deposit. Less than a month later, the banker absconded, and the plaintiff, who has never received the bank book for his deposit, brings this action against the surety, upon the bond of the banker, to recover the amount of the deposit. Upon the trial, plaintiff proved the facts above stated, but gave no evidence to show that the banker did not deposit the money according to his agreement. *Held*, that the plaintiff cannot recover; that the fact that the bank book has not been delivered to the plaintiff is not, in itself, sufficient evidence of default in the condition of the bond to sustain a judgment against the defendant surety.

*Consentino* v. *Illinois Surety Co.*, 152 App. Div. 933, reversed.

(Argued March 9, 1914; decided March 31, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 4, 1912, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nelson L. Keach* for appellant. There is absolutely no evidence in this case to prove that the money was not transmitted to the Bank of Rome. (*Baltimore R. R. Co.* v. *State*, 71 Md. 590; Moore on Facts, §§ 33, 34, 596;

*Stevens* v. *Stevens,* 72 N. H. 360; *Shotwell* v. *Dixon,* 163 N. Y. 43.) The instrument sued upon in this action is invalid as a statutory bond, and for this reason the plaintiff failed to prove a cause of action. (*Young* v. *Schlosser,* 65 Ind. 225; *Wanters* v. *Van Vorst,* 28 N. J. Eq. 103; *Davis* v. *Kruger,* 4 E. D. Smith, 350; *Barnard* v. *Viele,* 21 Wend. 88; *Howard* v. *Brown,* 21 Me. 385; *People ex rel. Ritzenthaler* v. *Higgins,* 151 N. Y. 570; *Smith* v. *Allen,* 1 N. J. Eq. 43; *Witherbee* v. *Witherbee,* 66 N. Y. Supp. 1036.)

*Achille J. Oishei* for respondent. The plaintiff sufficiently proved the delivery of the money to the banker, his undertaking to transmit it, his failure to do so, and his absconding without having repaid the same. Under these circumstances the liability of the defendant is established. (*Carozza* v. *Russo,* 146 App. Div. 772; *Alessandro* v. *People's Surety Co.,* 143 App. Div. 145.) The instrument sued upon in this action is valid and a good statutory bond, and a right to recover thereunder by the plaintiff lies. (*General Ry. Signal Co.* v. *Title G. & S. Co.,* 203 N. Y. 407; *Russo* v. *Illinois Surety Co.,* 141 App. Div. 690; *Town of Whitestone* v. *Title G. & S. Co.,* 72 Misc. Rep. 498; *Barnes* v. *Cushing,* 168 N. Y. 542; *People* v. *Lee,* 104 N. Y. 441; *Hibbs* v. *Brown,* 190 N. Y. 167; 112 App. Div. 214; *First Nat. Bank* v. *Story,* 53 Misc. Rep. 429; *Doon* v. *American Surety Co.,* 110 App. Div. 215; *Town of Ulysses* v. *Ingersoll,* 182 N. Y. 369; *Vitelli* v. *May,* 120 App. Div. 448; *Morton* v. *Tucker,* 145 N. Y. 244; *Dunfee* v. *D. & E. S. Surety Co.,* 145 App. Div. 108.)

Chase, J. The defendant on August 6, 1907, as surety, executed with one Antonio Gagliano as principal, a bond to the People of the State of New York, which recites that Gagliano "Is engaged in or is about to engage in the selling of steamship or railroad tickets for transportation

to or from foreign countries, and in conjunction with said business carries on, or is about to carry on, the business of receiving deposits of money for the purpose of transmitting the same or the equivalent thereof to foreign countries, and is required to make, execute and deliver a bond pursuant to Chapter 185 of the laws of 1907." The condition of the bond is "That if the above bounden Antonio Gagliano shall faithfully and diligently hold and transmit any and all moneys or the equivalent thereof which shall be delivered to it or them for transmission to a foreign country or countries as provided by said Chapter 185 of the laws of 1907 and duly account for and promptly pay over all moneys or the equivalent thereof received by him as aforesaid, then this obligation to be void, otherwise to remain in full force and virtue." Such bond was received by the comptroller of the state of New York and was duly approved and filed by him.

Gagliano in February, 1907, received from the plaintiff five thousand liras to deposit in the postal treasury of the Kingdom of Italy. At the time plaintiff made such deposit Gagliano gave him a receipt therefor and said to him: "In a period of four weeks you will receive your bank book at New York. The bank book from Rome, from the bank at Rome."

The only testimony in the record by which it is claimed that Gagliano failed to perform the condition of the bond is the testimony of the plaintiff, in which he says that he went to see Gagliano about three weeks after the deposit was made and Gagliano said, "Be patient," and directed him to return the next day; and his further testimony that he returned the next day and that there were many people in front of Gagliano's door and his place of business was locked; that he went there many times after that but has never seen Gagliano since. At the close of the evidence both parties asked the court to direct a verdict and the court thereupon directed the jury to find a verdict in favor of the plaintiff for the amount of his deposit.

The appellant asserts that the bond sued upon includes in its condition a provision not required by the statute and urges that it should not, therefore, be enforced as a statutory bond. Very many actions upon bonds similar in form to the bond now under consideration have been sustained, although the objection now urged may not have been considered in such actions. (See, among others, *Musco* v. *United Surety Co.*, 196 N. Y. 459, and *Guffanti* v. *National Surety Co.*, 196 N. Y. 452.) The words in the condition of the bond not taken from the language of the statute are, "And duly account for and promptly pay over all moneys or the equivalent thereof received by him as aforesaid." The bond in this case was in terms given to comply with chapter 185 of the Laws of 1907 as it existed prior to the amendment in 1908. The words of the bond last quoted constitute the last clause of the condition, and they refer to the moneys mentioned in the preceding clause thereof as received for transmission to a foreign country. The condition of the bond should be read as a whole, and as so read it is not violated unless the principal obligor fails to transmit the moneys received by him to a foreign country pursuant to the agreement with the depositor. If money is received for transmission to a foreign country and the person receiving it fails to transmit it as so agreed, he is liable to account for and promptly pay over the amount thereof or its equivalent received as aforesaid, *i. e.*, received for transmission to a foreign country. If Gagliano transmitted the money of the plaintiff as agreed he performed his principal obligation. The difficulty with the plaintiff's case is that he has wholly failed to show that Gagliano did not deposit the money in the postal treasury of the Kingdom of Italy. We may surmise that he did not deposit the money in such treasury, but mere suspicions are not sufficient on which to found a cause of action. So far as appears from the record, the money may have been deposited according to the agreement, and

it may be in the postal treasury of the Kingdom of Italy at the present time to the credit of the plaintiff. The agreement to obtain a bank book from Rome and deliver it to the plaintiff at New York within four weeks from the time the deposit was so received, was incidental to the main purpose of the parties on which the promise of Gagliano was based. Gagliano left New York in less than four weeks after the deposit was made. The book, if sent, may have been lost. The fact that it has not been delivered to the plaintiff is not, in itself, under the circumstances disclosed, sufficient evidence of default in the condition of the bond to sustain the judgment against the defendant surety.

The judgment should be reversed and a new trial granted, with costs to abide the event.

MILLER, J. (dissenting). The statute (L. 1907, ch. 185) was passed to protect people like the plaintiff from the dishonesty of men like Gagliano, for whom the appellant became surety for pay. The plaintiff proved the delivery of $1,000 to Gagliano to be transmitted to the postal treasury of the Kingdom of Italy, his promise that the plaintiff should receive a bank book within four weeks, his failure to redeem that promise, an unsuccessful attempt to find him at his place of business at and after the expiration of the four weeks, and that he had absconded. The reasonable inference from those facts is that the money was not transmitted.

Gagliano undertook to procure a bank book which was to be the plaintiff's evidence that the money had been transmitted and that he had it on deposit in the bank at Rome. That evidence was important to the plaintiff, but Gagliano could gain nothing by withholding it if the money was actually transmitted. The latter's absconding and failure to deliver the book as agreed can be reasonably accounted for only on the theory that he stole the money, which, in the ordinary course of business, could have

been transmitted to Rome and the evidence of its receipt returned in less than four weeks. We may guess that the bank neglected to acknowledge the receipt of the money or that its acknowledgment was lost in the mails, but a guess that something may have happened out of the usual course of business does not suffice to rebut the inference arising from the facts proved

Judging Gagliano's conduct according to the natural course of human action, it is highly probable that he absconded with the plaintiff's money. If so, the evidence was sufficient to put the appellant to its proof, as it certainly would have been sufficient if its principal was himself the defendant. "It is seldom possible to demonstrate, or establish to an absolute certainty, the existence or the non-existence of the facts at issue between the litigants, and the law does not require such a high degree of proof, but such evidence as renders the existence of the facts in issue, and upon which the right to recover depends, probable, is sufficient to require the party who denies their existence to sustain his denial by evidence." (*Gallagher* v. *Crooks*, 132 N. Y. 338, 344.) If the poor and ignorant people who send small sums of money as the plaintiff sent his were required, in every case of a default of the person receiving it for transmission, to go to the expense of taking depositions in a foreign country, the statute would be of little benefit to them. Of course, that consideration does not obviate the necessity of proof, but it should be taken into account before establishing a rule of evidence which requires us to close our eyes to a natural and rational explanation of the facts proved, amounting almost to a moral certainty.

In other respects, I concur in the opinion of my brother CHASE and vote to affirm the judgment.

HISCOCK, COLLIN and CUDDEBACK, JJ., concur with CHASE, J.; WILLARD BARTLETT, Ch. J., and CARDOZO, J., concur with MILLER, J.

Judgment reversed, etc.