SAM SAFIAN, Respondent, v. IRVING NATIONAL BANK, Appellant.

First Department, July 14, 1922.

Banks and banking — action to recover amount given to bank to be cabled to foreign country — money not delivered in foreign country — plaintiff entitled to amount in American money paid to bank and not sum representing value of foreign money at time plaintiff demanded refund.

In an action to recover from a bank the amount delivered by the plaintiff to the bank to be cabled to an address in Poland on the ground that the money was not delivered at the point of destination, the plaintiff is entitled to recover the amount in American money actually delivered to the bank, and is not limited to a recovery of the exchange value of the foreign money at the time of the demand for refund, which in this case would be the date of the commencement of the action, two years after the money was received.

SMITH, J., dissents, with opinion.

APPEAL by the defendant, Irving National Bank, from an order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 11th day of July, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff.

*Hanlon & DeLacy* [*Eugene W. Leake* of counsel; *Breed, Abbot & Morgan* and *Edward A. Craighill, Jr.*, with him on the brief], for the appellant.

*Krakower & Peters* [*Charles C. Peters* of counsel], for the respondent.

PAGE, J.:

In my opinion this case is simply a breach of the express contract on the part of the defendant by failure to perform, and the plaintiff was entitled to recover back the money that he had paid to the defendant.

When the plaintiff paid the money to the bank, the bank did not become a bailee who was required to send the identical money to Moszek Zelik Safian at the address in Poland, nor was any fiduciary or trust relation established between the parties which would be cognizable in a court of equity. The bank could use the money for its own purposes pending performance of the agreement. The failure to perform gave rise to an action on the express contract. (*Legniti* v. *Mechanics & Metals Nat. Bank*, 230 N. Y. 415.) The sole question to be determined is the amount the plaintiff is entitled to recover. He paid the defendant on September 19, 1919, the sum of $305; this money the defendant was entitled to mingle with

its other funds and employ, thus earning interest and to that extent profiting by the transaction. It cabled to its correspondent bank to pay from the marks the defendant had on deposit with the bank in Warsaw marks to the then equivalent of the sum of $297.50; but as this sum was never paid out, it still has on deposit or has since withdrawn those marks. That the marks thereafter depreciated in value is not attributed to any act or default of the plaintiff.

The defendant claimed in the Municipal Court that it could only be held liable for the value of the amount of marks in dollars on the day that the plaintiff demanded the refund, which would be at the date of the commencement of the action, more than a year after the money was received. Mr. Justice SMITH says that the defendant had a reasonable time in which to perform, which he states to be thirty days, and inasmuch as there is no evidence of the value of the marks at that time, there must be a new trial. That is, where a person has failed entirely to perform he is entitled to minimize the plaintiff's loss by showing that if he had performed within a reasonable time the defendant would have made a profit on the depreciation of the marks, and he can recoup his loss of this profit from the defendant. There was no obligation on the plaintiff, in the defendant's failure or refusal to perform, to buy other marks. He was not speculating in foreign exchange. He contracted with the defendant to make available to Moszek Zelik Safian $297.50. As the money was payable in marks in Poland, the amount was expressed in marks, computed according to the rate of exchange on that day. When the defendant failed to perform the plaintiff was entitled to his money back — not the value of the marks at that time estimated in the exchange value of the marks, but the American dollars which he had paid which the defendant had had the use of, and which it had profitably employed. The defendant could not profit by its own wrong, and tender back that which it had received measured by the depreciated value of that which it had agreed to pay in the foreign country. The theory of damages is compensation to the party who has been wronged, and not of profit to the wrongdoer.

The defendant has the dollars and has the marks. It must pay the dollars and is entitled to the marks. It could and can sell the marks, and to that extent minimize its loss, but it cannot keep the dollars and compel the plaintiff to accept the marks.

I, therefore, vote to affirm the determination of the Appellate Term.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

On September 19, 1919, the plaintiff made application to the defendant for a cable transfer of moneys in form as follows:

" IRVING NATIONAL BANK, NEW YORK
" Application for cable transfer
" Payable to Moszek Lomza Zelik Safian
"At Makow Zemia Lomza Ulica Brsozowa No. 288
"Account of

| | |
|---|---|
| "Amount 7000 P. M. at 4.25. | $297.50 |
| " Cost of Message | 7.50 |
| " Total | $305.00 |

" The undersigned hereby certifies that this transaction does not involve any trading with, for or on behalf of any party who is an enemy or ally of an enemy of the United States, or who is acting in the transaction on behalf of or for the benefit of an enemy or ally of an enemy of the United States, and is in no way in violation of the act of Congress known as the ' Trading with the Enemy Act.'*
" Purchaser ...... Sam Safian.
" Address ........ 31 Jefferson St., New York City
" Date .......... 19 Sept., 1919.
" No liability is to attach to the Bank for any loss or damage in consequence of delay or error in transmitting the message by the telegraph Company or for any other cause beyond its contro:.
" Cabled Sep. 19, 1919
" Cash by L. received.
" Foreign Sep. 20, 1919 Department L. D."

He paid to the defendant the sum of $305, and received from the defendant a paper in the following form:

" IRVING NATIONAL BANK NEW YORK
" No. 81304                    Date *Sept.* 19 /19 Payable
" Cable Transfer
" Through Commerzbank in Warsaw Warsaw
" In favor of Moszek Zelik Safian
"Address Makow Zemia Lomza Ulica Brsozowa
                " No. 288
"Account of
" Order of

| | |
|---|---|
| "Amount Marks 7000.—    at 4.25 | $297.50 |
| "Cable | 7.50 |
| " Total | $305. |

*See 40 U. S. Stat. at Large, 411, chap. 106, as amd.— [REP.

" Sold to Mr. Sam Safian 31 Jefferson Street, City.

" In making Cable Transfers it is fully understood and agreed that no liability shall attach to us nor our correspondents for any loss or damage in consequence of any delay or mistake in transmitting the message, or for any cause beyond our control.

" This exchange is sold with the understanding that this transaction does not involve any trading with, for or on behalf of any party who is an enemy or ally of an enemy of the United States, or who is acting in the transaction on behalf of or for the benefit of an enemy or ally of an enemy of the United States, and is in no way in violation of the act of Congress known as the ' Trading with the Enemy Act,'* and that the buyers will, upon demand, certify to that effect.

" Exchange will be purchased promptly to cover this remittance, and payment therefor is only accepted upon the following condition: If payment for any reason cannot be effected, the Irving National Bank will not be liable for any sum in excess of the current market value in New York at the time the refund is made.

" Cash by L. received."

The defendant, thereupon, cabled to its correspondent in Warsaw, directing it to make payment to Moszek Zelik Safian, at Makow, which is an interior town in Poland. To make that payment it was necessary to transmit by mail a postal order to the address at Makow, as there was apparently no bank through which payment could be directed. The payee was notified by this plaintiff and called upon the postal authorities for the postal order. Through some mistake, however, the postal order was made out in form to Moszek Zelik, and the postal authorities refused to deliver the postal order to Moszek Zelik Safian, to whom the moneys were to be paid. Upon learning of this fact this plaintiff demanded back his money and upon the refusal of the defendant to pay back the same brought suit in the Municipal Court. According to the practice in that court the substance of the plaintiff's cause of action is stated to be " Breach of contract, moneys had and received, negligence." Judgment was entered in favor of the plaintiff and upon appeal to the Appellate Term this judgment was affirmed with one justice dissenting. (See 115 Misc. Rep. 387; affd., 116 id. 647.)

In *Equitable Trust Co.* v. *Keene* (232 N. Y. 290) an agreement for a cable transfer is declared to be simply an agreement on the part of the promisor to make available at the point of delivery to the payee named the moneys therein specified. The special sig-

---

*See 40 U. S. Stat. at Large, 411, chap. 106, as amd.— [REP.

nificance given to a cable transfer under the case of *Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.* (172 App. Div. 16) seems to have been overruled. The contract is declared to be executory and to be interpreted under the same rules as are other contracts for the transmission of moneys. The opinion further says (p. 294): "The principles involved are not different than those which would be applicable to a contract dealing with ordinary articles of personal property." The use of the cable, or the wireless, is simply made for expedition and not as altering the legal rights of the purchaser upon the breach of the promisor's agreement. This position seems to be strongly sustained by the Supreme Judicial Court of Massachusetts in the case of *Beecher* v. *Cosmopolitan Trust Co.* (—— Mass. ——; 131 N. E. Rep. 338) and the opinion in *Equitable Trust Co.* v. *Keene (supra)* quotes with approval the discussion by Dean Stone of the Columbia Law School upon the question of transmission of funds, reported in Columbia Law Review (Vol. 21, p. 507). In the *Beecher* case, cited, it was held that a trust company, which sold to a customer a foreign order, the payment of which was stopped by the Bank Commissioner when he took charge of the trust company, is liable to the purchaser of the order for the amount thereof at the rate of exchange prevailing *on the day the trust company breached its contract* by stopping payment on the order.

The plaintiff was not authorized to rescind the contract, because the defendant had partly performed his contract and purchased the foreign moneys, and would suffer a loss in the depreciation of the marks which were contracted to be delivered if the contract were rescinded. (*Scheibe* v. *Zaro,* 199 App. Div. 807.) The evidence is to the effect that the time necessarily occupied in transferring this fund from Warsaw to Makow was about thirty days. No evidence was offered as to the value of these marks thirty days after the cable message was received at Warsaw. Assuming, as we may well assume, upon the evidence that the negligence was the negligence of the Warsaw bank, the agent of the defendant, the plaintiff is entitled to the value of the performance of the contract as his damages and that value is to be determined by the value of these marks thirty days after the receipt of the cable message by the Warsaw bank.

Without evidence, therefore, of the value of exchange at that time, the trial court had no basis upon which to order judgment, and the determination and judgment should, therefore, be reversed and a new trial granted, with costs to the appellant in all courts to abide the event.

Determination affirmed, with costs.