### FIRST DEPARTMENT, JULY, 1922.

URCIE DERMER, Respondent, *v.* WILLIAM M. BARRETT, as President of the Adams Express Company, Appellant.

*Carriers — contract to transmit moneys to foreign country — action for damages — express company receipt — oral promise for delivery of foreign bank book to sender — evidence — burden of proof.*

Appeal by the defendant from a determination of the Appellate Term of the Supreme Court, First Department, in favor of the plaintiff, entered in the New York county clerk's office November 18, 1921, affirming a judgment of the Municipal Court, Borough of Manhattan, First District, for the sum of $225.10, after a trial without a jury.

Determination affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.; Smith, J., dissenting.

SMITH, J. (dissenting): Upon April 28, 1916, the defendant received from the plaintiff the sum of $192.50, and gave to the plaintiff a receipt in form as follows:

" No. 972.                                        *April* 28, 1916.
" Received from Urcie Dermer
          " 7 Hester Street
" One hundred ninety-two 50/100 Dollars.
" For payment of Fourteen hundred Kronen
" Foreign currency
" To: K. K. Postsparkassa Amt.
" At: Vienna, Austria.
" $192.50                                        C. A. PACKER.

" NOTE: This remittance will be forwarded to the payee named, subject to the rules and regulations of the various Post Offices used in making the Remittance.

" No claim covering non-delivery or erroneous delivery of this remittance, or for failure to produce receipt, or for postage deposited for return of payee's receipt, will be considered after three months from date hereof."

The plaintiff upon the stand swore that at the time of the delivery of these moneys the defendant promised to secure a bank book from the Vienna Bank in Austria, and that the book would come in about two months, and that the said book had been frequently demanded and that the defendant had failed to deliver the same. The case was tried on February 4, 1921. This promise to procure a bank book is specifically denied by the agent of the express company with whom the plaintiff made his contract, and while, under conditions then existing, the giving of a promise by the defendant to deliver a bank book within two months' time was most improbable, nevertheless, this fact has been presumptively found with the plaintiff by the Municipal Court which rendered a judgment for the plaintiff. There was no proof given or attempted to the effect that the kronen stipulated to be deposited with the Vienna Bank was not there deposited as contracted for. The plaintiff has recovered the amount of his deposit, with interest and costs, solely upon the failure of the bank to deliver the bank book from the Vienna Bank, as provided in the oral contract sworn to by the plaintiff.

The position taken by the trial court apparently was that having failed to deliver the bank book the burden was shifted upon the defendant to show that the moneys were not deposited in the Vienna Bank, which the defendant has been unable to show. Under the authorities the receipt given by the defendant and accepted by the plaintiff constitutes the contract between the parties. (See 1 Williston Cont. §§ 90-a, 90-b.) There is no provision in the written contract thus made that the defendant should deliver to the plaintiff a bank book, and proof of an oral contract imposing further obligations on the part of the defendant than those stipulated in the writing is incompetent as varying the effect of the written contract expressed in the receipt given. (*Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291; *Watkins Salt Co.* v. *Mulkey,* 225 Fed. Rep. 739, 744; *Loomis* v. *N. Y. C. & H. R. R. R. Co.,* 203 N. Y. 359.) It is claimed that the real consideration of a written contract may be shown by parol. But this rule does not permit a party to show another promise as part of the consideration where that promise is not supported by independent consideration. (1 Williston Cont. §§ 115-a, 115-b.) Without proof, then, of the moneys not having been deposited in the Vienna Bank, the plaintiff has failed to prove a breach of the written contract between the parties and has failed to show any fact which would authorize a rescission of the contract and the recovery of restitution thereupon or even of damages other than of nominal damages. Even if the contract had itself contained a promise to procure for the plaintiff a bank book, failure so to do would not constitute cause for rescission, but the plaintiff must go further and show that the moneys were not deposited and the contract broken. The production of the bank book is not essential to the plaintiff's recovery against the Vienna Bank. A bank book is not negotiable. (See *Newman* v. *Munk,* 36 Misc. Rep. 639; *Noah* v. *Bowery Savings Bank,* 225 N. Y. 284; *Smith* v. *Brooklyn Savings Bank,* 101 id. 60.) In the latter case the opinion in part reads: " The defendant, a savings bank, seeks to justify the payment by it of a depositor's money, to a stranger upon the ground that such payments were made to a person having possession of the depositor's pass book. Such a pass book is not negotiable paper, and its possession constitutes in itself no evidence of a right to draw money thereon. It merely imports a liability of the bank to the depositor for the moneys deposited, and an agreement to repay them at such time and in such manner as he shall direct. This contract is implied from the nature and objects of the transaction occurring between the parties." In 6 Ruling Case Law (at p. 926) the text reads: " Before partial failure of performance of one party will give the other the right of rescission, the act failed to be performed must go to the root of the contract, or the failure to perform the contract must be in respect to matters which would render the performance of the rest a thing different in substance from that which was contracted for." Moreover, I know of no rule of law which shifted the burden of proof upon the defendant to show performance of a substantial part of the contract, by merely showing the failure of the defendant to perform an incidental part thereof, which, of itself, would not authorize a rescission of the contract. The burden still remains with the plaintiff to show a breach of a material part of the contract. Again, under the proof in this case the plaintiff was not authorized to rescind the contract without placing the defendant *in statu quo.* (See authorities cited in *Scheibe* v. *Zaro,* 199 App. Div. 807.) The evidence of the defendant, although not entirely complete, is to the

effect that the express company under no circumstances sent these remittances itself, but it purchased the kronen from the Chase National Bank, which sent the remittance to its correspondents in Vienna. These kronen, therefore, had been purchased under this custom, independent of proof as to these particular kronen. The defendant undoubtedly purchased and paid the Chase National Bank for these kronen forthwith after the making of the contract. If the plaintiff is allowed here to recover the consideration paid, the defendant must suffer at least the depreciation in the kronen, and also the value of the kronen themselves if the kronen have in fact been deposited in the Vienna Bank in which the defendant agreed that it should be deposited. It will be borne in mind that this action for the consideration paid upon the contract must proceed as upon rescission. It cannot be sustained as damages for a breach of contract. In 8 Ruling Case Law (at p. 454) the text in part reads: "The loss or injury actually sustained, rather than the price paid or agreed to be paid on full performance, is the proper measure of damages except where the contract provides by way of stipulated damages that the consideration shall be the amount recoverable." There is no proof whatever here to show any damages under the rules of law governing the measure of damages for a breach of this contract. Without proof, therefore, that these moneys have not been deposited in the Vienna Bank stipulated in the written contract, the plaintiff has utterly failed to make out his case. Because of the difficulty, however, in getting that proof, in my judgment, there should be a new trial granted, rather than a dismissal of the complaint. I vote, therefore, for reversal of the determination of the Appellate Term and judgment in the Municipal Court, and for a new trial, with costs to appellant to abide the event.