EMANUEL L. GROSSMAN, Respondent, *v.* HENRY C. ZARO, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Negotiable instruments — foreign bill of exchange — insufficient proof of presentment and protest — evidence — proof of Polish law — when judgment in action for conversion of funds reversed.**

In an action for the alleged conversion of the amount paid by plaintiff to defendant on the purchase of checks or drafts drawn by defendant upon a bank in Warsaw, Poland, and made payable " on presentation " in Polish marks to the order of a third party, no proof was given that said checks or drafts had ever been presented to the bank upon which they were drawn, either by the payee or any one else, except that plaintiff, over objection and exception of the defendant, was permitted to put in evidence what purported to be a certificate in the Polish language indorsed upon the back of each check or draft, to the effect that the signer of the certificate as a " Notary of the Supreme Court at Warsaw " had, at the request of the payee, " sent a written request " to the Warsaw bank demanding payment of the sum inserted in the draft and as the amount was not paid to him up to three P. M. he had issued " this protest." The certificate on each draft did not state that the notary had presented the draft to the bank and no proof whatever was offered to show that the alleged notary was such, or any authentication of his signature and authority. *Held,* that under the Negotiable Instruments Law such proof of presentment and protest was insufficient.

Although section 369 of the Civil Practice Act provides that proof of presentment of a bill of exchange for payment in a foreign country may be made in any manner authorized by the laws of that country, yet, in the absence of proof of the laws of Poland, it was error to admit such proof of alleged presentation of the check or draft in question.

The exclusion of proof that the defendant had on deposit with the Warsaw bank sufficient funds to meet the checks or drafts when they were issued was also

reversible error, as in such case presentment will be necessary to hold the drawer under the Negotiable Instruments Law.

There being no proof of conversion judgment entered in favor of plaintiff after a trial by the court without a jury will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, entered in favor of plaintiff after a trial by the court without a jury.

*Phillips, Mahoney & Liebel,* for appellant.

*Jay A. Gilman,* for respondent.

DELEHANTY, J. This action was brought for the alleged conversion of $245 paid by the plaintiff to the defendant for the purchase of checks or drafts drawn by the defendant upon the Warsaw Discount Bank of Warsaw, Poland, and made payable " on presentation " in Polish marks to the order of a third party, one Jerma Grossman. The plaintiff put in evidence three such checks or drafts all drawn by the defendant upon said bank and made payable to the said third party dated respectively July 12, 1920, for 10,000 Polish marks, December 1, 1920, for 10,000 Polish marks, and February 24, 1921, calling for 15,000 Polish marks. These checks or drafts aggregated 35,000 Polish marks, for which the plaintiff paid the defendant at the rate of $7 per 1,000 marks, thus making a total of the $245 alleged to have been converted by the defendant.

The plaintiff conceded that these drafts were delivered to him at the time of their respective purchase, and that the defendant never had possession of them thereafter. The plaintiff further testified that upon the receipt of these checks he forwarded them to the payee named therein (said third party, Jerma Grossman) in Poland, and that he received them back after a few months, and that the checks were never paid. The plaintiff, however, did not give any proof that the checks or drafts had ever been presented to the bank upon which they were drawn, either by the payee or by any one else except that the plaintiff, over objection and exception of the defendant, was permitted to put in evidence what purported to be a certificate in the Polish language indorsed upon the back of each check or draft, to the effect that the signor of the certificate as a " Notary of the Supreme Court at Warsaw," had, at the request of the payee, " sent a written request " on the 6th day of March, 1922, to the said Warsaw Discount Bank at Warsaw demanding payment of the sum inserted in the draft and as the amount was not paid to him up to three P. M. he had issued " this protest." The certificate on each draft was the same and did not state that the notary had presented the draft to the bank

and no proof whatever was offered to show that the alleged notary was such, or any authentication of his signature and authority.

Such proof of presentment and protest was manifestly insufficient under the Negotiable Instruments Law. See Neg. Inst. Law, §§ 130, 134, 160, 224, 240, 260, 261, 322. Although section 369 of the Civil Practice Act, being a re-enactment of section 925 of the old Code, provides that proof of presentment of a bill of exchange for payment in a foreign country may be made in any manner authorized by the laws of that country, yet, in the instant case, no proof of the laws of Poland was offered, and it was error to admit such proof of alleged presentation of the checks or drafts in question.

Reversible error was committed in excluding proof that the defendant had on deposit with the Warsaw Discount Bank sufficient funds to meet the checks or drafts when they were issued, for in such a case presentment would be necessary to hold the drawer under the Negotiable Instruments Law.

There was manifestly no proof of conversion, and upon a new trial if the plaintiff should prove prompt presentment of these drafts, and their non-payment, then upon rescission of the contract an action for money had and received could be maintained. *Safian v. Irving National Bank*, 202 App. Div. 459; *Chemical Nat. Bank v. Equitable Trust Co.*, 201 id. 485. On the other hand, if by delay in presentation of the drafts the parties could not be put in *statu quo* in case of non-payment there would be no right of rescission and the plaintiff's damages for the breach of defendant's contract would be measured by a different rule. *Scheibe v. Zaro*, 199 App. Div. 807.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs; BIJUR, J., concurs in result.

Judgment reversed.