ZIREL BRATSPIES, Plaintiff, Appellant, *v.* WILLIAM M. BARRETT, as President of ADAMS EXPRESS COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

Contracts — action for breach of contract — failure of defendant to deposit $500 in bank at Vienna and deliver bank book to plaintiff within one year from delivery of funds to defendant — delivery of bank book essential part of contract — contract, construed in light of war conditions, called for delivery of bank book to plaintiff within reasonable time — plaintiff established action for money had and received — dismissal of complaint error.

In an action for breach of contract, the plaintiff made out a cause of action for money had and received, and the dismissal of the complaint was error, where it appears that there was a delivery of $500 by plaintiff to defendant for deposit in a Vienna bank with the understanding that defendant would deliver to plaintiff, within one year, a bank book showing such deposit; and that four years after the termination of the World War the bank book had not been delivered.

The agreement to deliver the bank book was an essential and material part of the contract, which contract must be construed in the light of the war conditions that prevailed at the time of the making thereof and which were presumptively in the minds of the parties in so contracting.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York borough of Manhattan, second district, in favor of defendant.

*Breitbart & Breitbart* (*Bernard Breitbart*, of counsel), for appellant.

*Stockton & Stockton* (*K. E. Stockton*, of counsel), for respondent.

GUY, J. The summons herein is indorsed "Action for breach of contract, money had and received," and the bill of particulars furnished by plaintiff recites that plaintiff's claim is that on August 6, 1916, plaintiff delivered to defendant, through its agent, Rosenbluth, $500 for the purpose and with the understanding that the defendant was to deliver said amount to a bank in Vienna, then designated; and the defendant undertook that within one year after said date it would deliver said amount to the said bank, and that said bank would, in turn, give credit to the plaintiff for said amount, and that the defendant would deliver to the plaintiff within one year such bank book showing such credit in favor of the plaintiff in said bank; and that it was further understood and agreed that in case of failure so to do defendant was to return to plaintiff the sum of $500; that defendant failed to carry out the aforesaid contract, and failed to deliver the amount to the bank, and failed and refused to deliver the bank book aforesaid to

plaintiff, although demanded by plaintiff from defendant on numerous occasions.

Plaintiff testified to the payment of the $500 to defendant's agent; that defendant agreed to deposit the sum or its equivalent in kronen to plaintiff's credit with the designated bank in Vienna, Austria, and to deliver to plaintiff a bank book therefor within one year from August 6, 1916; that some three weeks after the expiration of one year from said date plaintiff demanded from defendant's agent, Rosenbluth, the bank book or the return of the $500, and later, on the suggestion of Rosenbluth, made similar repeated demands upon the defendant at its main office in New York city, the last of said demands being in the year 1922, four years after the termination of the war and six years after the making of the contract, and that in each instance defendant refused to comply with the demand.

Plaintiff then called as a witness defendant's agent Rosenbluth, who corroborated plaintiff's testimony in all respects, except that he testified no definite time was fixed for the delivery of the bank book to plaintiff. Plaintiff then rested, and, without any proof being offered on behalf of the defendant, the court dismissed the complaint on defendant's motion on the ground that plaintiff had failed to make out a cause of action. In so doing the learned court erred. On the proof introduced plaintiff made out a complete cause of action for money had and received.

Assuming Rosenbluth's testimony to be the true version of the agreement that no definite time was fixed for the delivery of the bank book to plaintiff, the law would construe the agreement as one to deliver the bank book within a reasonable time, which reasonable time must be determined as matter of fact in the light of all the circumstances under which the contract was made. At the time of the making of the contract war conditions existed in Europe, including Austria, and what would be a reasonable time would depend upon the delays incident to transmitting by mail or otherwise which existed at the time and for about two years subsequent to the making of the contract. Plaintiff testified to making demands for the bank book down to as late a period as 1922, four years after the termination of the war; so that if the delivery of the bank book is to be deemed an essential and material part of the contract, the failure to so deliver before the year 1922, six years after the making of the contract, and four years after the termination of the war, would be as matter of law a failure to deliver the bank book within a reasonable time. The agreement to deliver the bank book was an essential and material part of the contract, which contract must be construed in the light of the conditions that prevailed at

the time of the making thereof and which were presumptively in the minds of the parties in so contracting. It was clearly the intent of the contracting parties that the production and delivery of the bank book should, on the one hand, be accepted as proof of the deposit of the money in the bank in Vienna, and, on the other hand, that failure to deliver the bank book before a specified time or within a reasonable time should be presumptive evidence of non-performance of the contract on defendant's part. Surely, it was not in the contemplation of the parties that the plaintiff, residing here, contracting to have moneys deposited to her credit in Vienna, in order to recover back her money in the event of the failure of the defendant to perform its contract, should be put to the necessity of either going personally to a country with which this nation was at war and obtaining proof of defendant's non-performance, or be subjected to an expense in obtaining such proof which might well be in excess of the amount paid by her to defendant. *Dermer* v. *Barrett*, 202 App. Div. 828; affd., 235 N. Y. 588; *Stern* v. *Barrett*, Id. 613. See, also, *Safian* v. *Irving Nat. Bank*, 202 App. Div. 459; affd., 236 N. Y. 513.

It is unnecessary to consider for the purposes of this appeal whether defendant might have overcome the presumption of non-performance by introducing proof of the actual delivery of the money to the Vienna bank. No such proof was introduced or offered by the defendant.

The judgment must, therefore, be reversed, with $30 costs, and judgment directed for plaintiff for $500, with interest from September 6, 1917, the approximate date of the first demand for the bank book or the return of the money paid to defendant, and costs.

BURR and PROSKAUER, JJ., concur.

Judgment reversed.