ZIREL BRATSPIES, Respondent, v. WILLIAM M. BARRETT, as President of ADAMS EXPRESS COMPANY, Appellant.

First Department, February 6, 1925.

Contracts — action to recover money delivered to defendant under agreement to deposit same in Vienna bank and deliver bank book within one year or return money — plaintiffs made out prima facie case by showing failure to deliver bank book within one year — new trial granted defendant to permit it to show legal excuse for failure.

In an action to recover money delivered to the defendant under an agreement whereby the defendant was to deposit the money in a bank at Vienna and deliver to the plaintiff a bank book within one year, showing such deposit or return the money, the plaintiff made out a *prima facie* case by showing that the defendant did not deliver the bank book to him within one year from the date of the contract, and it is not necessary for plaintiff to show that a deposit was not made as agreed.

However, the determination of the Appellate Term reversing a judgment in favor of the defendant and directing a judgment for the plaintiff will be modified by reversing the direction of a judgment for the plaintiff, requiring a new trial, in order that the defendant may have an opportunity of showing a legal excuse for its failure to comply with the agreement, since it appears that during the time of the agreement conditions in Europe were very much disturbed owing to the World War.

APPEAL by the defendant, William M. Barrett, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of March, 1924, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the defendant.

*Stockton & Stockton* [*K. E. Stockton* of counsel], for the appellant.

*Breitbart & Breitbart* [*Bernard Breitbart* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover $500 as for money had and received, the plaintiff's bill of particulars alleging that the plaintiff delivered to the defendant $500 under an agreement that said amount would be deposited in a bank at Vienna and a bank book delivered to plaintiff within a year showing such deposit, or the money returned. These facts the plaintiff proved, and that after the expiration of a year the plaintiff made repeated demands for the bank book, but the same never was delivered. Plaintiff rested, and on defendant's motion the court dismissed the complaint on the ground that plaintiff had failed to make out a cause of action. The defendant offered no proof.

The Appellate Term (122 Misc. 684) very properly reversed the judgment, since the plaintiff made out a *prima facie* case upon showing the delivery of the money to the defendant and the failure of the defendant to deliver the bank book as evidence of the deposit after the expiration of a year. The precise question was determined accordingly by this court in *Dermer* v. *Barrett* (202 App. Div. 828; affd., 235 N. Y. 588). The appellant contends that the theory of the plaintiff in the Municipal Court was that the contract was breached by failure to deliver the bank book, and relies on the case of *Consentino* v. *Illinois Surety Co.* (210 N. Y. 521), where it was held that the non-delivery of a bank book under a similar contract, performance of which was guaranteed by a surety company, was not in itself sufficient evidence of default in the condition of the bond to sustain an action against the surety; further holding that under the conditions of the bond in suit the essential part of the contract was the deposit of the money, and the delivery of the book but incidental. It is clear, however, that the Court of Appeals did not intend to lay down generally a rule of law that the delivery of the bank book was not an integral part of the contract, but that the determination in said case was predicated upon the particular facts there present, because there the action was brought upon a statutory bond, and it was held by a majority of the court that before the plaintiff could recover on the bond the burden was upon him to show that the principal for whom the defendant was surety had not actually established the credit in the foreign country. The court, by four members, said: " The condition of the bond should be read as a whole, and as so read it is not violated unless the principal obligor fails to transmit the moneys received by him to a foreign country pursuant to the agreement with the depositor; " and three members of the court said: " Gagliano undertook to procure a bank book which was to be the plaintiff's evidence that the money had been transmitted and that he had it on deposit in the bank at Rome."

Following that case the Court of Appeals affirmed the case of *Dermer* v. *Barrett* (*supra*) where the recovery was not upon a bond, but directly on the contract, and the complaint and proof were based solely upon the theory that the defendant failed to deliver a bank book to the plaintiff as agreed. That case is square authority for the rule of law that in such a case as the case at bar the agreement to deliver a bank book is an integral part of the contract. This seems to be not only good law, but good common sense. To hold in effect that, although the plaintiff obtained the promise of the defendant to make a deposit in a foreign bank and furnish a bank book as proof of such deposit, the parties thereby

intended that in the event a court action became necessary, upon the defendant adducing some proof that a deposit had been made, it would be necessary for the plaintiff to obtain depositions, presumably at a cost greater than the amount of money involved, to rebut the proof offered by the defendant, notwithstanding the obligation of the defendant to furnish proof of such deposit in the shape of a bank book evidencing the same, would be, to say the least, a forced construction.

It is thus clear that the plaintiff is entitled to judgment, unless the defendant can show that owing to conditions arising out of the war a reasonable time had not elapsed within which to furnish such bank book. As stated, the Municipal Court granted a motion for judgment dismissing the complaint at the close of the plaintiff's case. This judgment the Appellate Term reversed and directed judgment for the plaintiff. The defendant, while concealing its excuse, at the same time strenuously insists that it be afforded an opportunity to have its day in court and show such excuse as it has. Only because of the unsettled conditions arising out of the war could this plea receive serious consideration. It cannot be said to be without the realm of possibility that the defendant may not present an excuse owing to governmental conditions abroad in certain countries.

The determination appealed from should be modified by reversing the direction of a judgment for the plaintiff, and requiring instead a new trial, with costs in all courts to abide the event.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order modified by reversing the direction of a judgment for the plaintiff and requiring instead a new trial, with costs in all courts to abide the event.