## TABAK v. FETTNER.

(Supreme Court, Appellate Division, Second Department. June 24, 1910.)

DAMAGES (§ 175*)—ACTION ON IMPLIED CONTRACT—FAILURE TO RETURN CONSIDERATION—EVIDENCE.

An action on an implied contract to pay for an ice box, title to which plaintiff transferred to defendant for services which he failed to perform, is in rescission of the contract because of refusal of performance by defendant, who therefore retained the consideration without consideration, and is on the implied promise to return it, and, if plaintiff prevails, he is entitled to it or its value, which is not the arbitrary value agreed on by the parties, but the actual value thereof, and hence it is error to exclude defendant's evidence of its actual value.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 175.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Edward Tabak against Charles Fettner. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, THOMAS, and CARR, JJ.

Edward E. Rosenblume (David T. Smith, on the brief), for appellant.

Jacob S. Gross, for respondent.

JENKS, J. This is an appeal by the defendant from a judgment of the Municipal Court. The plaintiff complained that he and the defendant made a contract whereby the defendant should do certain work in consideration of $35 cash and an ice box then owned by the plaintiff; that thereafter the plaintiff transferred the title to the ice box to the defendant, who failed in performance of the contract, to the damage of the plaintiff in $73. The plaintiff's testimony was that the parties agreed upon $73 as the value of the ice box, as it constituted a part of the consideration of the contract, and the judgment is for that sum. The plaintiff's avowed theory of his action is upon the implied contract to pay for the ice box. Such action is in rescission of the contract because of the refusal of performance by the defendant, who therefore retains the consideration without consideration, and the action is upon the implied promise to return the consideration. Freer v. Denton, 61 N. Y. 492, and cases cited. The plaintiff, if he prevail, is entitled to the consideration or its value. But this is not the arbitrary value determined by the parties for the particular purposes of the contract which the plaintiff has thus rescinded, but the actual value thereof. Hence I think that the defendant should have been permitted to give evidence as to the actual value of the ice box.

The judgment is reversed and a new trial is granted, costs to abide the event. All concur.