ARNOLD ETTINGER, Appellant, *v.* SCHWEIZERISCHER BANKVEREIN, Respondent.

First Department, July 2, 1924.

**Banks and banking — action for breach of agreement that defendant would open account in rubles and would, at plaintiff's request, issue check therefor on some Russian bank — plaintiff demanded check in October, 1917, which was refused — defense that defendant notified plaintiff in October, 1917, that account would be subject to additional conditions which plaintiff refused to accept and that thereafter defendant offered to tender check and closed account — second defense of impossibility of performance owing to conditions in Russia — third defense that contract which was made in Switzerland is subject to laws thereof which defendant complied with — all defenses are insufficient and should be stricken out.**

In an action for breach of an agreement whereby the defendant agreed to open an account in rubles with the plaintiff on its books and credit plaintiff from time to time with the purchase thereof and as the plaintiff had occasion to use the same to deliver to him on his demand a check for such rubles as he might desire to be drawn by the defendant upon some bank in Russia with which it had an account, in which the plaintiff alleged that in October, 1917, he demanded that the defendant issue and deliver to him a check for the rubles but that the defendant refused to do so, a defense is insufficient and should be stricken out which alleges that in October, 1917, the defendant notified the plaintiff that his account would thereafter be subject to certain additional conditions which the defendant about two months after the notification refused to accept, and the defendant notified him that unless he accepted the conditions it declined to continue his account and tendered him a check, and that the plaintiff failed to acknowledge the last letter and the defendant thereafter requested instructions, and not receiving an answer, wrote the plaintiff that his account was closed.

The defendant was plaintiff's debtor and had no right to impose additional conditions and if it closed plaintiff's account its only duty was to actually remit to

the plaintiff the amount thereof, and not having remitted, it is no defense that thereafter it became impossible because of conditions in Russia to withdraw the moneys deposited in the Russian bank in defendant's name.

The allegation referring to tender amounts to nothing more than an offer to tender the plaintiff a check if he did not agree to the additional conditions, and is not any defense to the action.

Likewise the second defense, which attempts to plead that it was impossible to fulfill the terms of the contract because of the revolution in Russia and the conditions following thereafter, is insufficient in law.

The third defense, which alleges that the contract was made in Switzerland and is, therefore, governed by the Swiss law and that under the Swiss law the defendant was absolved from liability to pay its debt to the plaintiff, is insufficient, inasmuch as it does not allege anything from the law of Switzerland which absolves it from its liability under the contract.

Furthermore, the matters set up in defense had no bearing on the claim made by the plaintiff, since all of the facts stated in the defenses arose after the breach of the contract by the defendant.

APPEAL by the plaintiff, Arnold Ettinger, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of February, 1924, denying plaintiff's motion to strike out the affirmative defenses in the answer to the amended complaint.

*Goldsmith & Fraenkel* [*Osmond K. Fraenkel* of counsel], for the appellant.

*Henry Escher* [*Francis L. Archer* with him on the brief], for the respondent.

MARTIN, J.:

It appears from the amended complaint that during the year 1916 plaintiff had various transactions with the defendant with reference to the purchase of Russian rubles. It is alleged that these transactions were had pursuant to an agreement between plaintiff and defendant that defendant would open an account in rubles with plaintiff on its books and credit plaintiff from time to time with the purchase thereof, and that, as plaintiff had occasion to use same, the defendant would deliver to plaintiff on his demand a check for such rubles as he might desire, to be drawn by defendant upon some bank in Russia with which it had an account, it being further alleged that, during the month of October, 1917, plaintiff demanded that the defendant issue and deliver to him a check for these rubles, but defendant refused to issue the same.

The answer denies many of the allegations of the complaint and pleads three alleged defenses.

The first defense sets forth that the political conditions in Russia during the year 1917 created such uncertainty in business

16

and financial circles as to lead the defendant during the month of October, 1917, to notify plaintiff that his ruble account would be thereafter subject " not only to any moratorium decrees or other measures which the Russian government might take, but that the credit of the said plaintiff had been deposited by the defendant with a first class Russian bank " in defendant's name for the account and risk of the plaintiff; that the plaintiff after a lapse of seventy days from the time notice was so given by the defendant, in January, 1918, wrote to the defendant declining the conditions proposed by it, as above set forth, whereupon the defendant promptly upon receipt of plaintiff's letter notified him in writing that unless he accepted the conditions mentioned in the notice of October, 1917, within four days, it declined to continue his account, and, in the latter case, " tendered him a check," which means that in such a case the plaintiff could have a check, upon a certain first class Russian bank; that plaintiff was then a resident of the city of Zurich, where the defendant's office was located, but failed to give defendant any instructions in connection with the account, " whereupon defendant again wrote him advising that it declined to keep his account open," and requested him to give defendant " instructions as to what to do with his said account; " that " receiving no answer from plaintiff, defendant again wrote after ample time to answer had elapsed, closing plaintiff's account; " that plaintiff failed to give instructions, failed to demand payment from the defendant, and failed to comply with defendant's request that " he take a check from it upon said account; " that conditions in Russia became worse, and that the plaintiff demanded advice from the defendant as to what it would do regarding his account; that it was no longer possible for the defendant to draw on the moneys which it at all times theretofore had had on deposit with a first class Russian bank in Petrograd; and that defendant was at all times ready, willing and able to comply in all respects with the contract which it had made with the plaintiff. ·

For a second defense the defendant repeats the allegations of the first defense and pleads alleged impossibility of performance because of the revolution in Russia, and of the conditions following the Soviet revolution which rendered it impossible to draw against the account in the Russian bank or for defendant or said bank to pay drafts thereon.

For a third defense, defendant repeats the first and second defenses and alleges that all of the transactions took place between the parties in Switzerland where the parties were located; that the contract is governed by the terms and conditions of the Swiss law; that the provisions of the law of Switzerland applicable to

such contract are found in certain sections of the Code of Obligations, " in other relevant provisions of said law and in the decisions of the Swiss courts construing the same;" that according to the Code of Obligations defendant fulfilled its obligation to plaintiff by maintaining in a first class Russian bank a credit in rubles at all times in excess of 30,000, which at all times was for the account and risk of the plaintiff, and that the plaintiff and defendant so agreed; that by the provisions of the said Code, the relations between the parties consisted in a contract between them by which one party employed the other to perform a certain act, and the other accepted the duty to perform it; that according to section 404 of said Code, defendant was entitled at all times to terminate, on reasonable notice, its relation with the plaintiff, and, according to sections 91, 92 and 93 thereof, the defendant owed the plaintiff no further duty under the circumstances than to deposit or keep deposited property of the plaintiff for his credit; that defendant duly performed the duties imposed upon it by the Swiss law and notified plaintiff of its action and of its refusal to continue the relation theretofore existing between them, and of the place where his rubles had been deposited; that the plaintiff acquiesced therein, and that defendant was freed of any liability whatsoever to the plaintiff.

The 3d paragraph of the amended complaint is admitted by failure to deny. It is as follows:

" *Third.* That said transactions were had pursuant to an agreement between plaintiff and defendant that defendant would open an account in rubles with plaintiff on its books and credit plaintiff from time to time with the purchase of such rubles and that as plaintiff had occasion to use the same, the defendant would deliver to plaintiff at his demand a check for such rubles as he might desire to be drawn by defendant upon some bank in Russia with which it had an account."

Admittedly it was the defendant's obligation to open on its books an account with plaintiff, and on demand to furnish against the account with defendant checks on some Russian bank with which defendant had an account. It was not agreed that plaintiff's account would be with a Russian bank.

In the first defense it is alleged in substance and effect that defendant endeavored to modify the contract and plaintiff failed to accept a modification. That does not indicate a defense of negligence as defendant terms it. The defendant was a debtor owing plaintiff a debt which it has failed to pay. Because plaintiff would not acquiesce in the new arrangement or contract defendant could not be charged with the loss due to political conditions on the ground of negligence.

The first defense proceeds to allege that, because of the failure to receive instructions from the plaintiff, defendant closed plaintiff's account. If it did, the only duty remaining for it as a debtor was to remit to plaintiff for the amount of the account.

It did not so remit, and did nothing except to allow the account to remain open in a Russian bank until it was no longer possible for defendant to draw on the moneys deposited therein. This is not a defense to the contract alleged and admitted.

The allegation referring to tender, when closely examined, is found to state no more than that the defendant wrote plaintiff it would tender him a check if he did not agree to the conditions suggested. He was not required to accept those conditions. He had defendant's agreement which it failed to perform. Defendant alleges that it closed plaintiff's account, but it does not allege that it paid him the amount thereof.

The second defense which attempts to plead that it was impossible to fulfill the terms of the contract was evidently based on the decision at Special Term in *Sokoloff* v. *National City Bank* (120 Misc. Rep. 252), a determination which was reversed by this court with an opinion, the reasoning of which is applicable here. (*Sokoloff* v. *National City Bank*, 208 App. Div. 627.)

The third defense alleges nothing from the law of Switzerland which absolves the defendant from the liability to pay its debt to plaintiff, the debt arising under the circumstances shown by the uncontradicted allegations of the complaint and by the defense itself.

Furthermore, the matter set up in the defenses would seem to have no bearing on the claim made by plaintiff. The breach of the contract as alleged in the complaint occurred in October, 1917, the same month in which, as defendant alleges, the defendant notified plaintiff that his account would be subject to any moratorium decrees or other measures which the Russian government might take. Defendant alleges that it was not until seventy days thereafter that plaintiff declined the conditions proposed by said defendant in October, and that defendant after giving plaintiff a further notice closed plaintiff's account. It was still later, according to the apparent meaning of the allegations of the first defense, repeated in the second and third defenses, that conditions in Russia rendered it impossible to draw down the amount in the Russian bank. It is seen, therefore, according to the defenses, that the conditions and their effect, set up and relied upon by defendant in defense, developed and occurred long after the breach pleaded by plaintiff, so that such conditions and the results thereof can have no bearing upon the claim made in the complaint.

The defenses are all insufficient in law. The order should, there-

fore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.