OPINION OF THE COURT
Margaret Taylor, J.
Plaintiff, an independent contractor, brought this action to recover $4,000 that was deducted from payments allegedly due and owing from defendant as per the terms of a heating, ventilation and air-conditioning contract of October 7,1974 for a city project. Defendant moves for summary judgment dismissing the complaint. (CPLR 3211, subd [a], par 1.) Defendant alleges that this amount was deducted pursuant to the contract’s own terms because plaintiff did not comply with the requirement to provide 100 person-days for minority trainees. Plaintiff does not deny that this requirement was unsatisfied, but argues in its own defense that the breach was due to no fault of its own, but rather was due to the refusal and failure of the Sheet Metal Workers’ Union to supply minority workers.
The terms of the contract between the parties do not permit the court to give credence to plaintiff’s argument. Although article 35 B(l) of the agreement is precatory: “The contractor shall make a good faith effort to achieve *851 the goal of one trainee to every four journeymen of each craft”; the remedy for failure to comply with the minority on-the-job training program is prescribed with unequivocal specificity: “In the event that the number of training positions is less than the assigned number for any reason whatsoever, the contractor’s compensation will be decreased by an amount equal to the difference between the wages and fringe benefits paid by the contractor to the trainees and the wage and fringe benefits which would have been paid to the trainees had the number and duration of the positions been as set forth.” (Contract, art 35 B[5].)
“Plaintiff’s argument of impossibility of performance may well excuse its contractual breach of failing to hire a (minority) trainee, but such excused nonperformance does not also include entitlement to payment for such an unperformed obligation. (Sokoloff v. National City Bank of N. Y., 208 App. Div. 627 (1st Dept.) affd 239 NY 158 (1924)” (John P. Picone, Inc. v City New York, Civ Ct, New York County, April 9, 1980, Cohen, J.). The city’s remedy does not depend on the contractor’s mens rea, and thus plaintiff’s best intentions are of no avail in its $4,000 quest.
The plaintiff further urges that computation of the penalty will reveal the inequity that is perpetrated by the $4,000 deduction from the contract payment. Because the union allegedly refused to supply plaintiff with minority trainees, plaintiff was put in the position of paying union workers rather than minority trainees, and had to pay them at a higher rate. Plaintiff protests that the city is paying it less for a job that in fact cost more to perform. This argument may be factually correct, but its legal impotence is also revealed by the plain language of article 35 B(5) of the contract. The formula for payment in the event that minority trainees are not employed is clearly set out. The computation does not take into account the amount that it ultimately cost the contractor to perform the job. Rather it provides for deducting from the contractor’s compensation the amount actually paid to trainees from the amount that would have been paid to the trainees. The fact that full performance of the contract, full payment *852 by the defendant, and recovery of anticipated profits were frustrated by the union is a matter that may be settled between plaintiff and the union. It is of no moment in the instant matter between these parties.
The $4,000 decrease in plaintiff’s compensation appears to be the exact amount that would have been paid to the trainees and was correctly deducted under the terms of the parties’ agreement. Plaintiff was notified of its noncompliance in time to remedy its breach. No factual matters remain to be resolved between the parties.
The contract provision that governs this dispute, article 35 B, implements the Mayor’s Executive Order No. 20 of July 15, 1970 (New York City Record, July 20, 1970) as amended by Executive Order No. 74 of January 23, 1973 (New York City Record, Feb. 8, 1973). That order and the programs promulgated thereunder for on-the-job training for minority employees have been specifically upheld as not in violation of or inconsistent with any State or Federal laws. (City of New York v Diamond, 379 F Supp 503; see, also, John P. Picone, Inc. v City of New York, supra.) The United States Supreme Court has recently upheld the constitutionality of statutory quotas guaranteeing access by minorities to public contracting opportunities. (Fullilove v Klutznick, 448 US 448.) Although the court is aware that summary dismissal of plaintiff’s complaint is a drastic remedy (Andre v Pomeroy, 35 NY2d 361), the dismissal of this action is mandated by the parties’ agreement. It is further mandated by the overriding national policies reaffirmed as indicated supra upholding this and similar affirmative programs for equal opportunity employment. Motion for dismissal of plaintiff’s complaint is granted.