OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*96 The defense of impossibility of performance only excuses the performance of an executory contract (22A NY Jur 2d, Contracts, § 387; Sokoloff v National City Bank, 208 App Div 627, 630, affd 239 NY 158). “It has never been held available for the purpose of unjustly enriching one party at the expense of the other” (Sokoloff v National City Bank, supra, at 630). It is uncontroverted that plaintiff provided defendant with funds in the amount of $4,500, in connection with its international student program, on the following terms: “[t]hese funds are considered to be loans unless the student returns to his or her home country within one year of completion of education and does not return to the United States as a permanent resident for five consecutive years thereafter. If the student does not meet these requirements, the principal amount borrowed, plus interest at 8% per year * * * [from] the date of the loan will be charged and must be repaid.” Defendant argues that he has made an effort to return to his home country of Nigeria but that due to the economic and political conditions in Nigeria, it was impossible for him to fulfill the condition of the contract. However, even assuming “impossibility of performance” by defendant, plaintiff’s performance conferred a financial benefit to defendant which defendant acknowledges receiving. Defendant cannot keep the benefit without paying for it (Dolan v Rodgers, 149 NY 489, 495). Defendant here is not seeking to excuse himself from further performance of the contract, but from payment of a debt (Sokoloff v National City Bank, supra, at 630). Under these circumstances plaintiff is entitled to restitution for its performance (see, Sokoloff v National City Bank, 239 NY 158, 169, supra).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.