OPINION OF THE COURT
Leonard Livote, J.
Motion by plaintiff (1) for an order pursuant to CPLR 3212 (a) which grants plaintiff Leisure Time Travel, Inc. partial summary judgment in the amount of $220,000, on the first cause of action, together with statutory 9% interest from May 8, 2006, pursuant to CPLR 5001 through 5004, and any and all applicable law, and orders the clerk to enter judgment accordingly; (b) which additionally grants partial summary judgment on the second and third causes of action, by deciding that defendant Villa Roma Resort and Conference Center, Inc. breached its contract with plaintiff Leisure Time when it informed Leisure Time that it would not be permitted to produce Passover holiday programs for the years 2009 through 2011; and (c) that plaintiff Leisure Time’s damages on the second and third causes of action be decided at trial; (2) for an order that defendant Villa Roma’s two counterclaims be dismissed; and (3) for an order denying defendant’s cross motion for summary judgment.
The motion and cross motion are decided as follows:
Plaintiff Leisure Time Travel, Inc. (LTT) is a travel company that specializes in producing holiday tours and vacations that comport with Jewish law and tradition. Defendant Villa Roma purports to be the last operating resort in the Catskills’ famed “Borscht Belt.”
*782 On July 2, 2001, the parties entered into a contract whereby Villa Roma would be utilized for five consecutive Passover celebrations from 2002 through 2006. On October 25, 2005, the parties agreed to extend the contract for an additional five years, through Passover 2011.
Pursuant to the contract, the hotel and kitchen facilities were turned over to LTT on April 5, 2006. This was to allow LTT to prepare the facilities for the Passover holidays which were to begin on April 12, 2006. On April 11, 2006, a fire began in the kitchen which ultimately destroyed the main building of the hotel which prevented the planned event from being held. The cause of the fire was never determined. Villa Roma refused to return the $220,000 down payment.
Villa Roma reopened in October 2008. After the reopening, LTT contacted Villa Roma about holding the 2009-2011 events that were contemplated by the contract. Villa Roma refused.
“Generally, once a party to a contract has made a promise, that party must perform or respond in damages for its failure, even when unforeseen circumstances make performance burdensome” (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). “While [impossibility of performance] defenses have been recognized in the common law, they have been applied narrowly, due in part to judicial recognition that the purpose of contract law is to allocate the risks that might affect performance and that performance should be excused only in extreme circumstances” (id.). “Impossibility excuses a party’s performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible” (id.). “[T]he impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract” (id.).
However, “[t]he defense of impossibility of performance only excuses the performance of an executory contract” (University of Minn. v Agbo, 176 Misc 2d 95, 96 [App Term, 2d Dept 1998]). “It has never been held available for the purpose of unjustly enriching one party at the expense of the other” (Sokoloff v National City Bank, 208 App Div 627, 630 [1st Dept 1924], affd 239 NY 158 [1924]).
In the instant case, the fire undoubtedly rendered the performance of the contract impossible. However, the defendant unjustly enriched itself by retaining the deposit. The proper remedy for this situation is restitution (see Agbo at 96). Accordingly, the motion for summary judgment on the first cause of action, which seeks return of the deposit, is granted.
*783 The remaining causes of action seek damages for Villa Ro-ma’s refusal to host the Passover celebrations for 2009-2011.
“When impossibility of performance is contemplated, the condition ordinarily thought of is one of permanent impossibility or at least impossibility which may reasonably be expected to continue for a substantial period of time. Merely temporary supervening impossibility of brief duration may, at least as to some contractual obligations, be regarded as not excusing the promisor from performance when performance subsequently becomes possible” (C.T. Foster, Modern status of the rules regarding impossibility of performance as defense in action for breach of contract, 84 ALR2d 12, § 14 [a]).
Under the facts of this case, the contract was rescinded at the time of the fire. Although the condition of impossibility ultimately proved to be temporary, it was of a long duration. Moreover, at the time of the fire, it was unclear whether the hotel would ever be rebuilt. Certainly, it would have been unfair to require plaintiff, whose business model depends on repeat customers, to return after using an alternate location in 2007 and 2008. Thus, there was no mutuality of obligation and the contract was rendered unenforceable. Accordingly, the motion for summary judgment on the second and third causes of action is denied.
Defendant cross-moves for summary judgment on its first counterclaim, which seeks damages on the grounds that plaintiff caused the fire. This claim is barred by the statute of limitations. Accordingly, the plaintiffs motion to dismiss the first counterclaim is granted.
The second counterclaim, incredibly, seeks damages on the grounds that LTT failed to pay for its use of the hotel in 2007 and 2008, notwithstanding that the hotel was closed. The cross motion for summary judgment on the second counterclaim is denied and the motion to dismiss is granted on the grounds that performance was rendered impossible as the result of the fire.
Accordingly, the motion and cross motion are granted to the extent that it is ordered that the plaintiff is granted summary judgment on the first cause of action; and it is further ordered *784 that the remaining causes of action, and all the counterclaims, are dismissed.